### WATRY VS. HILTGEN.

In an action in justice's court to recover damages for breaking and entering the close of the plaintiff, it is sufficient for the plaintiff to aver that he was in possession, and to show under that averment, that he was rightfully in possession as against the defendant, and if in alleging his possession, he unnecessarily sets out the character or extent of his title, a general denial of the allegations of the complaint does not put the title to real estate in question so as to oust the jurisdiction of the justice.

In an action for trespass to crops by cattle, &c., the opinions of witnesses who know the extent of the injuries done, as to the amount of the damages occasioned thereby, are competent evidence. As to taxation of costs before a justice of the peace, occasioned by an adjournment, see below.

APPEAL from the Circuit Court for *Ozaukee* County.

Action tried before a justice of the peace. The plaintiff alleged that on the 28th day of June, 1861, the defendant and her cattle broke and entered the close of the plaintiff, of which he was possessed by virtue of a lease, and trampled down the grain, grass, &c., in the said close, of which the plaintiff was possessed as aforesaid, to his damage of $100. The defendant answered, denying the allegations of the complaint. The cause having been adjourned to the 24th of Aug., 1861, on that day the defendant applied for a further adjournment, on account of the plaintiff having amended his complaint, by filling a blank left for the date of the trespass with the words "the 28th day of June," and the cause was adjourned until the 30th day of August, when it was tried before a jury. The trespass complained off was clearly established, and the plaintiff at the

trial, to show the amount of the damages sustained by him in consequence, asked witnesses who had examined the field and knew the extent of the injury, at what sum they estimated the damages occasioned by the trespass. The defendant objected to such evidence being given, the court overruled the objection, and the testimony was received, showing the damages to amount to from $13 to $15. During the trial, the defendant moved the court to dismiss the case for want of jurisdiction, and this motion was denied. The jury found a verdict for the plaintiff for $9.60 damages. The defendant then moved that the costs of the attendance of the witnesses on the 24th of August, when the cause was adjourned as aforesaid, should not be taxed against the defendant. The court denied the motion and the costs of such witnesses were taxed against the defendant at $3.54. Judgment was rendered on the verdict of the jury against the defendant for $9.60 damages and $29.22 costs. The de.ʌndant appealed to the circuit court, and that court affirmed the judgment of the justice, and the defendant then appealed to this court.

G. W. Foster, for appellant. 1. The testimony given on the subject of damages should have been ruled out. Sedgwick on Damages, 589; 1 E. D. Smith, 536; 21 Barb., 331; 2 Comst., 514; 13 Abbott, 299. 2. The justice had no jurisdiction to try the case, the plaintiff having claimed possession by virtue of a lease, and the defendant having denied it. The title to land was in question. R. S., ch. 120, sec. 10. 3. It was error to tax against the defendant the costs of witnesses' attendance on the day when the cause was adjourned.

H. Cunning, for respondent.

By the Court, COLE, J. The judgment in this case must be affirmed. The action was for trespass to real estate. It was tried before a justice and jury. The jury assessed the plaintiff's damages at less than ten dollars. This finding is fully sustained by the evidence returned by the justice. There was

ample proof that the cattle of the defendant had broken into the inclosure of the plaintiff, and committed considerable injury to his crops. The extent of the damage was, of course, a matter for the jury to determine from the testimony. The counsel for the defendant seems to suppose that the justice had no jurisdiction, because the plaintiff stated in his complaint that he was in possession under a lease. This is a mistake. The action was for injuries done to the plaintiff's possession. All that was necessary for him to show, was that he was rightfully in possession as against the defendant at the time of the injury. He need not have set out the character or extent of his title. But that he did so, would not oust the jurisdiction, unless his title was controverted by the opposite party. It was not in any way drawn in question.

The other objections, we do not consider of sufficient importance to require special notice. They are all clearly untenable.

The judgment of the circuit court is affirmed.