The Wausau Boom Company vs. Plumer.

*March 15 — March 30, 1880.*

Trespass to Realty. *(1) Who may maintain the action, and against whom.* (2) Costs: *When plaintiff, recovering less than $50, liable for costs.*

1. Plaintiff, being in the exclusive and peaceable possession and control of property with the acquiescence of defendant (the owner or former owner of an interest therein), will not be prevented from maintaining an action for trespass to such property against defendant, by the fact that it is liable to him for the value of such interest.

2. This action, begun in the circuit court, was for a trespass in cutting out a boomstick in a boom in plaintiff's lawful possession and control, the damages claimed being $5,000; nothing appears in the pleadings which required plaintiff to show title to real property; there is no certificate of the court that such title came in question at the trial; and the damages recovered were less than $50. *Held,* that, under §§ 54-56, pp. 1531-32, Tay. Stats., *defendant* was entitled to *costs.*

APPEAL from the Circuit Court for *Outagamie* County.

Defendant appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

For the appellant there was a brief by *Finch & Barber,* and oral argument by *Mr. Barber:*

1. According to the referee's own theory and that of the plaintiff, defendant's act was simply an unwarrantable use by

one cotenant of the joint property. Defendant does not dispute the joint tenancy; he made no claim to any portion of the property except his four-ninths interest, and no attempt at an ouster of the plaintiff. Under these circumstances trespass will not lie. *Wilkins v. Burton*, 5 Vt., 76; *Owen v. Foster*, 13 id., 263; *Keay v. Goodwin*, 16 Mass., 4; *Badger v. Holmes*, 6 Gray, 118; *Silloway v. Brown*, 12 Allen, 30; *Jones v. Chiles*, 8 Dana, 163; *Booth v. Sherwood*, 12 Minn., 426; *Waterman v. Soper*, 1 Ld. Raym., 737. Only in case of an actual trespass have the courts allowed the action to be maintained; never for a mere entry and interference with the joint property. *Wait v. Richardson*, 33 Vt., 190; *Duncan v. Sylvester*, 13 Me., 417. 2. By its charter (ch. 45, P. & L. Laws of 1871), plaintiff was empowered to take possession of and hold these piers and booms provided it paid the owners of the works a reasonable compensation therefor. Prepayment of the compensation is a condition precedent to the acquisition of any title to the land. *Bohlman v. Railway Co.*, 40 Wis., 157; *Walther v. Warner*, 25 Mo., 277; *B. & S. Railroad Co. v. Nesbit*, 10 How., 395; 2 Redfield on R. W., 240. It is settled in this court that a corporation which has not compensated the owner for property taken by it, is a trespasser. It was the defendant, and not the plaintiff, that was ousted. 3. Defendant was at least entitled to costs. R. S., secs. 2918, 2920.

For the respondent there was a brief by *Silverthorn & Hurley*, and oral argument by *Mr. Hurley*.

COLE, J. This appeal involves mainly a question of costs. The action was for a trespass for wrongfully cutting and destroying a boomstick in the boom controlled by the plaintiff at the foot of Bates Island, in the Wisconsin river. The recovery was for less than $50, and the defendant claimed that he was entitled to costs in the action, but this claim was denied by the court. In the first place it is insisted by defendant's

counsel that, upon the facts admitted, no action of trespass would lie, because, as he says, the evidence clearly showed that the defendant was tenant in common and owned an undivided four-ninths of the property injured. The referee found, among other things, that the plaintiff organized, and, under the authority conferred by its charter, took possession of all the piers and booms which the defendant and certain other parties owned and had maintained at Wausau for the purpose of catching and storing logs, including the boom in question, of which it had the possession when the trespass was committed.

It appears that the defendant was one of the incorporators and a stockholder of the company, and acquiesced in the possession of the booms and piers by the plaintiff. He has had his logs stored in the booms and has paid boomage thereon, but has always protested against the company taking and retaining his interest in the property without paying for it. But, notwithstanding the company had not paid for his interest in the booms and piers, yet the facts clearly show that the company was in the peaceable and exclusive possession of the property, under its charter. Having such exclusive possession of the entire property, with his consent, we think it might maintain an action of trespass against him or any other wrongdoer who interfered with that possession. The rule of law that one tenant in common cannot maintain trespass against his cotenant for a wrongful act to the joint property, it seems to us cannot apply to the case; for here the company, in its corporate capacity, had taken possession of the entire property with the full acquiescence of the defendant, and controlled and used it as it was authorized to do by its charter. Doubtless it was liable to the defendant for his interest therein, but this fact did not preclude it from the right to maintain an action of trespass against him for an injury to the property.

Now, this being the case, the question is, Was the company bound to pay the costs of the action, the recovery being less

than $50? The counsel for the company insists that it was not, because, as he says, the title to real property was in question, and therefore the action could not have been tried by a justice of the peace. But we fail to see how title to real estate can be said to be in issue. The action was for an injury to the possessory rights of the company. It involved no question of title under the pleadings, and there is no certificate of the court that the title to real property came in question on the trial. The issue might have been tried by a justice of the peace. This being the case, the defendant was entitled to costs under sections 54, 55 and 56, ch. 133, Tay. Stats. *Kreuger v. Zirbel*, 2 Wis., 234. As we regard the action, it is the usual one for trespass to real estate, and injuries done to the plaintiff's possession; and all that it was necessary for the plaintiff to show was, that it was rightfully in the possession of the booms as against the defendant, and the extent of its injury. It certainly was not necessary to prove the extent and nature of its title to real estate, under the pleadings. *Watry v. Hiltgen*, 16 Wis., 516. The court should have ordered judgment in favor of the defendant for costs, under the circumstances.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to give judgment in accordance with this opinion.