BARBARA SCHNEIDER, APPELLEE, V. CHÁRLES S. LOBINGIER, APPELLANT; H. E. CARTER ET AL., APPELLEES.

FILED JULY 17, 1908.   No. 15,189.

1. **Judgment: SUIT TO VACATE.** An attorney, C., was employed to prosecute an action in partition for a stipulated fee. He employed L., another attorney, residing at the place of the trial, to assist him. L. took the active management of the case, and, proceeding on information received from C., prepared a report for the referee appointed to make partition of the property involved, showing that the plaintiff had conveyed to C. and himself a two-fifths interest in her share of the property, and, on representations made to the referee and to the court that such report was agreeable to all parties, the referee filed the report and the court entered an order confirming the same. The plaintiff had no knowledge that the attorneys were awarded a part of the land out of her share, and did not discover the same until about two years after the entry of the decree. Within a short time thereafter, but more than two years after the filing of the decree, she commenced an action in equity to vacate the decree and to have a proper decree entered. *Held,* That an action on the equity side of the docket was a proper proceeding in which to obtain the relief demanded.

2. ———: VACATING. Whether proceedings under sections 602-609 of the code are applicable in a case of this character, where the relief sought is not against any of the parties to the action, but against strangers to the record, *quære*.

3. ———: SUIT TO VACATE: DECREE. A party applying to a court of equity for relief should be required to do what justice and equity requires. The decree entered should protect the interest of the defendant, as well as that of the plaintiff.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Reversed with directions.*

*H. P. Leavitt* and *C. S. Lobingier,* for appellant.

*John D. Ware* and *Thomas E. Neary, contra.*

DUFFIE, C.

Barbara Schneider, the plaintiff and appellee, claimed an interest in three lots in the city of Omaha, Nebraska, and a quarter section of land in Washington county, Nebraska, as one of the heirs of Mary Thomas, deceased. Some time about the year 1900 she employed H. E. Carter, an attorney at law residing in Tekamah, Burt county, to obtain partition of said real estate. The terms of Carter's employment are not clearly shown, but the plaintiff testified that she offered him 10 per cent. of the amount realized from her share of the property. One of her sons testified that Carter informed him that he would have to investigate the facts of the case before fixing the amount of his fee, but there is no evidence tending to show that any offer was made him in excess of 10 per cent., and, as he afterwards commenced an action for the plaintiff, the presumption must obtain that he accepted her offer and proceeded with the understanding that 10 per cent. of the amount recovered was the amount of his fee. This presumption obtains only for the purpose of the present hearing. Evidence in further proceedings may overcome it.

In August, 1900, Carter filed a petition in Douglas county district court, asking a partition of the real estate,

and in December of the same year he wrote to Mr. Lobingier, an attorney residing in the city of Omaha, stating that he had filed a petition in a partition action, and asked him to ascertain what answer had been filed, and saying that he wished to have his assistance in the case. Some further correspondence took place between them, and Lobingier engaged earnestly in the case, and after prolonged and earnest efforts obtained a ruling of the court in favor of Mrs. Schneider as against a claim of adverse possession asserted by the other heirs of Mrs. Thomas, and by which they expected to defeat her claim to any share of the property. On the 28th of June, 1901, a decree was entered by the district court finding that Mrs. Schneider was entitled to 3-28 of the real estate described in her petition, and that Chas. T. Dickinson, to whom she had previously conveyed a quarter of her interest (and who was a party defendant), was entitled to 1-28 thereof. Harry Fisher, an attorney of Douglas county bar, was appointed referee to make partition between the parties, and on December 6, 1901, he made his report, stating, among other things, the following: "I find that since the commencement of this action the plaintiff Barbara Schneider has disposed of a portion of her interest in said real estate to said H. E. Carter, Esq., of Burt county, Nebraska, and that she has disposed of another portion of her said interest to Charles S. Lobingier, Esq., of Douglas county, Nebraska, each of the interests so disposed of being equal to 1-5 of the joint share of the plaintiff and of the defendant, Chas. T. Dickinson, in said real estate. I further find that it was agreeable and satisfactory to all parties, and is an equitable division of said property to allot to the plaintiff and her said grantees and the defendant Chas. T. Dickinson, jointly, the east 58 feet of lot 2, in block 211½, in the city of Omaha, Douglas county, Nebraska." January 3, 1902, the district court entered a decree confirming the report of the referee, the order of confirmation stating that partition had been made in accordance with the report, by consent of all the parties

to the action, and awarding the plaintiff 7-20 of the east 58 feet of lot 2, in block 211½; Chas. T. Dickinson an undivided ¼ of said 58 feet; H. E. Carter and Charles S. Lobingier, each, an undivided 1-5 of the east 58 feet of said lot 2.

Afterwards, and on the 5th day of February, 1904, the plaintiff filed her petition in this action, alleging that in the year 1900 she employed H. E. Carter as her attorney to prosecute an action in the district court for Douglas county, Nebraska, against Julia Thomas, George F. Thomas and Chas. T. Dickinson, to recover her share of the estate of Mary Thomas, deceased, under an oral contract by which he was to receive for his services 10 per cent. of the value of the property recovered; that Carter commenced the action and employed Charles S. Lobingier to assist him in prosecuting the same; that a decree was entered awarding her a certain interest in the property; that defendants, unmindful of their duty as attorneys, fraudulently represented to Fisher, the referee appointed to make partition, that by agreement with the plaintiff they were entitled, each, to an undivided 1-5 of the east 58 feet of lot 2, in block 211½, in the city of Omaha, and persuaded him to so report to the court; and that they fraudulently obtained a decree from the court confirming in them a 1-5 interest in the east 58 feet of said lot 2. She further alleges that she did not agree or consent to said report or decree, or know of the entering of the same until about the last day of December, 1903, when she learned the fact at her home in Burt county, about 70 miles from Omaha. She asked that the referee's report and the decree based thereon be set aside and a new decree entered, in which she would be awarded the interests given to Carter and Lobingier by the decree which she asked to have vacated. The defendant Carter filed an answer in which he admits that he is not now, and never was, entitled to a decree in the case referred to giving him an undivided 1-5 of the east 58 feet of lot 2.

15

The answer of defendant Lobingier is quite lengthy, but his defense, in brief, is the following: That plaintiff employed Carter as her attorney, and also employed him through Carter acting for and on her behalf; that he was to receive a share in the property recovered for his services; that he undertook the main work of prosecuting the action, made all the examination of the legal questions involved, and prepared for and conducted the trial; that the case was one of great difficulty and doubt, was stubbornly resisted, and, except for defendant's efforts, plaintiff would have failed in her action; that plaintiff counseled with him, was in attendance at the trial, and knew of his work in her behalf; that after the trial he secured from the other defendants in the action an agreement by which the plaintiff, instead of taking a share in each of the four pieces of property involved, secured the east 58 feet of lot 2, in block 211½, in the city of Omaha, thus giving her the advantage of having her whole interest located in one lot; that he submitted said compromise to the plaintiff through her attorney Carter, who reported that plaintiff desired to accept the same, and that Carter requested him to draft a final decree embodying said compromise, and also securing the compensation due said Carter and Lobingier as attorneys in the case; that thereupon he drafted the decree as finally entered, submitted it to the other attorneys, who indicated their approval thereon, and then sent the draft of the decree to the plaintiff through said Carter, who returned it with a report that it was satisfactory to the plaintiff; that the decree was thereupon presented to the court, signed by the judge, and entered of record. The answer denies any fraudulent statements made to the referee or the judge hearing the case. It is further alleged that plaintiff had notice of the decree, accepted the benefits thereof, and made no objections thereto until an unreasonable time after the same was recorded. His answer contains a cross-petition, asking to be awarded the sum of $600 for services in the case and for costs expended therein.

The district court vacated the decree in accordance with the prayer of plaintiff's petition, and directed the referee to make a new report awarding to the plaintiff and to Chas. T. Dickinson the east 58 feet of lot 2, of block 211½, and, further, entered a decree confirming said report. The defendant Lobingier has appealed.

It is earnestly argued that the plaintiff should have taken advantage of the provisions of section 602 of the code to have the decree of which she complains vacated, and that, having neglected to proceed under the statutes, equity will afford her no relief. To the writer it is a question of great doubt whether the provisions of sections 602-609 of the code have reference to cases of this character. These provisions of the code undoubtedly apply to parties to the action, and are intended for the relief of a plaintiff or defendant who has suffered from the mistake, neglect or omission of the clerk, from the fraud of the opposing party, for casualty or misfortune which prevent him from prosecuting or defending, and for other matters within their provisions. But we are not certain that they offer a remedy, where one not a party to the record, and without knowledge on the part of one of the parties, obtains from the court a provision in the judgment finally rendered, taking from that party a substantial right for the benefit of such stranger to the record. But, even if the plaintiff might have the benefit of these provisions of our code in obtaining relief from the unauthorized acts of her attorneys, the cases, while not numerous, are all to the effect that these provisions of our code create no new rights, but are merely declaratory of the equity doctrine that a judgment clearly shown to be obtained by fraud, and which it would be against conscience to enforce, may be set aside in an equitable action brought for that purpose. *Secord v. Powers,* 61 Neb. 615; *Barr v. Post,* 59 Neb. 361.

The district court was undoubtedly right in vacating the decree as entered, but it erred in dismissing Lobingier's cross-bill. We think it should have recognized the equi-

ties of Mr. Lobingier and made provision for his remuneration. The plaintiff herself conceded that Carter was to have 10 per cent. of the value of the property recovered for her, which he was to get out of the property; and, while she insists that she did not employ or authorize the employment of Lobingier, she knew of his assistance in the case and did not object thereto, and she cannot now, after his work has been performed, deny his right to whatever interest in the property the arrangements between him and Carter entitles him to. The plaintiff testifies that "Carter told us that he cannot go down there every time, and that he hire a man down there to help him. He says that he give him half of what he gets." It is evident from the record that nothing has been paid by plaintiff, either to Carter or to Lobingier, not even the necessary costs advanced in the case; nor is there any tender or offer to pay or reimburse them. While the amount of the fee which Carter was to receive is not clearly shown, and his evidence in the case would be of the utmost importance to the parties, it is not denied that it should be at least 10 per cent. of the value of the property recovered, and was to be made out of that property. We think, under the circumstances, the plaintiff, having appealed to the equity side of the court, should herself be held to do what is equitable, and that her property recovered in the action should be made subject to a lien for whatever amount it may be shown Carter was entitled to receive under his contract of employment, as well also as for any costs advanced in the case.

We recommend, therefore, that the decree be modified, with permission to the parties to amend their pleadings, if they so elect, and that upon a second trial of the case the amount due Carter under his contract with the plaintiff be ascertained; that the same be made a lien upon the property awarded the plaintiff; that the terms of Lobingier's employment be ascertained, and he be awarded an interest in the lien established against the property in favor of Carter for the amount of his fee, if the same was

agreed upon between Carter and himself; and, if not agreed upon, that the amount of the fee due Carter from the plaintiff be divided between them in the proportion to the services rendered by each.

By the Court: For the reasons above given, the judgment of the district court dismissing the counterclaim of the defendant Lobingier is reversed and the cause remanded, with directions to proceed therein as indicated in the above opinion.

REVERSED.