Loomis v. Besse, 148 Wis. 647.

LOOMIS, Appellant, vs. BESSE, Respondent.

*February 21—March 12, 1912.*

*Animals: Trespass: Altering colt: Measure of damages: Evidence: Experts: Instructions to jury: Costs: Separate judgments for defendants.*

1. To prove that a colt not in fact registered was entitled to registry, the records upon which a certificate of registry would be based should be offered, and parol testimony is not admissible.
2. In an action to recover damages for unauthorized castration of a colt, the measure of damages is the difference between the value of the colt immediately before and its value immediately after the operation.
3. Refusal to permit a witness to testify as to such values was not error where he admitted that he was not familiar with the value of horses at the place in question or in that vicinity.
4. Exclusion of testimony having only an indirect or remote bearing on the question of value was not error.
5. An instruction that the jury should assess as damages the difference between the *reasonable* market value of the colt before and after the operation, was not error.
6. The action being for trespass on the colt, not for trespass on plaintiff's land, and plaintiff having recovered only six cents damages against one of the two defendants, that defendant was entitled to recover costs, under subd. 5, sec. 2918, and sec. 2920, Stats. (1898).

7. The two defendants having appeared by separate attorneys and answered separately, raising separate issues, the defendant against whom there was no recovery and who had judgment in his favor was also entitled to costs.

8. But one final judgment should be entered in an action. Where, however, two defendants are entitled to a judgment in their favor, entry of a judgment in favor of one, ignoring the rights of the other, is a mere irregularity, and such judgment will not be reversed on an appeal by the plaintiff.

APPEAL from a judgment of the circuit court for Washburn county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

On June 7, 1909, C. A. L. Loomis was the owner of a two-year-old stallion which was on a farm then rented by the plaintiff, *W. H. Loomis.* The plaintiff also owned a male colt which was being kept in the same pasture, as were several other colts and horses. On the day in question C. A. L. Loomis met the defendant *Besse,* who was a veterinary surgeon, at the village of Barronett and informed him that he desired to have his colt castrated; that he could not accompany *Besse* to the place where the colt was, but that his son who was· in Barronett would go with him. *Besse* thereafter called on the son and told him that he wanted to operate on Loomis's colt and asked him for the necessary information. The boy volunteered to accompany *Besse,* and caught a colt for him, or at least assisted in doing so, and the colt so caught was operated on. *Besse* did not know *W. H. Loomis,* and when he informed the boy that he wanted to operate on Loomis's colt, he meant the colt of C. A. L. Loomis. The boy, probably not being accustomed to hearing any one speak to him of his father as Loomis, assumed that *Besse* meant the colt owned by the plaintiff, *W. H. Loomis,* and assisted in catching such colt, and in effect pointed it out as the victim. Plaintiff naturally resented the liberties which had been taken with his colt and sued C. A. L. Loomis and *Besse* for damages in the sum of $800. The complaint alleged that the colt was a thoroughbred and intended to be nurtured for breeding pur-

poses; that it had all the earmarks of a winner in this field; that *Besse* unlawfully trespassed on plaintiff's property, and was negligent besides in not ascertaining which was the right colt before operating. As to the defendant Loomis, it was in effect alleged that he carelessly neglected to give *Besse* any information as to where the farm was, where the colt was, or how it was to be found, and that he was liable in any event for the trespass committed by his servant, *Besse*. A demurrer *ore tenus* was sustained to the complaint as to the defendant Loomis, and the case proceeded to trial as to the defendant *Besse*. The jury awarded plaintiff six cents damages, which were offset against the costs, and a judgment for costs amounting to $56.89 was entered against plaintiff by the defendant *Besse*. Thereafter the defendant Loomis proceeded to and did enter a separate judgment for costs against plaintiff. Separate appeals are taken from each judgment.

For the appellant the cause was submitted on the briefs of *A. L. Bugbee*.

*L. H. Mead,* for the respondent.

BARNES, J. The *faux pas* committed by defendant was the result of a tragedy of errors for which plaintiff is in no sense responsible, and against which his colt in all probability protested as vigorously as it knew how. The latter would no doubt have invoked the application of the *laissez faire* doctrine had it been able to make itself understood. Its failure to do so has changed the course of its sphere of usefulness, and instead of leading a life of comparative ease it is hopelessly condemned to lead one of toil and burden. The appellant seems to have a well grounded suspicion that blundering was contagious wherever this colt was involved and that the trial court became badly infected with the contagion. Although the trial was a short one, thirty-four errors are assigned and argued. We shall not attempt to discuss these errors in detail. They may be classified under the following heads:

(1) Exclusion of parol evidence tending to show that the colt was entitled to registry; (2) excluding the evidence of a witness on the question of damages, who, it is claimed, had shown himself competent to testify; (3) refusing to permit admittedly qualified witnesses to answer certain questions propounded to them and bearing on the question of damages; (4) permitting alleged incompetent witnesses to testify on the subject of damages; (5) error in charging the jury; (6) permitting the defendant to recover costs in excess of the damages recovered; (7) error in permitting the entry of two judgments in the action.

1. As we understand the record, the court refused to allow plaintiff to testify that his colt was entitled to registry, because such testimony was not the best evidence. There was no claim that the colt was registered in fact. If it was entitled to registry it was because the record of its pedigree was preserved in books kept by some registry association, society, or company recognized by the department of agriculture at Washington, D. C. Sec. 1494—33, Stats. (Laws of 1907, ch. 340). A certificate of registry would be the best evidence that the colt was entitled to registry. In the absence of such a certificate, if plaintiff desired to prove that the colt was so entitled, such proof should be made by offering the records on which a certificate of registry would be based.

2. The court refused to permit one Randall of Spring Valley, Minnesota, to testify to the value of the colt before and after the operation because he admitted that he was not familiar with the value of horses at Barronett and in the vicinity thereof. The ruling was technically correct.

3. The court very properly held that the damages should be proved by testimony tending to show the value of the colt immediately before and after the operation. There was no error in excluding testimony that had only an indirect or remote bearing on this question.

4. Complaint is made that some of the witnesses who tes-

tified for the defendant, and to the effect that the value of the colt was not lessened by the operation, were not shown to be competent. We think all of them were qualified to testify; some better than others, to be sure, but this difference only went to the weight of their evidence and not to its competency.

5. The court charged the jury that they should assess as damages the difference between the *reasonable* market value of the colt before and after the operation. It is argued that it was error to limit the recovery to *"reasonable"* market value. The objection is captious. Had the court used the word *"unreasonable"* instead, plaintiff would have just cause for complaint.

6. It is urged that it was error to permit the defendant *Besse* to recover taxable costs in excess of the six cents damages awarded, because there was a trespass committed on the real estate of the plaintiff. The action was not one for injury to real estate, and it does not appear that *Besse* was not rightfully on the land held by the plaintiff under lease. There is nothing to show that the defendant Loomis did not have a right to send *Besse* on the premises to castrate his colt. The trespass committed was on the plaintiff's colt, not on his land.

7. It is argued that it was error to permit the entry of two judgments and the taxation of two bills of costs against the plaintiff, and this blunder presents the only serious question in the case. The defendants appeared by separate attorneys and answered separately, and their pleadings raised separate issues, if indeed any cause of action was stated as to the defendant Loomis. The defendant *Besse* might well be held liable and his codefendant be exonerated; so there was no error in allowing each of the defendants to tax statutory costs against the plaintiff. The action comes within subd. 5 of sec. 2918, Stats. (1898), and, the recovery being less than $50, plaintiff was not entitled to costs, but the defendant *Besse* was, under sec. 2920, Stats. (1898). Loomis as a suc-

cessful party defendant was also entitled to costs under that section. *Mace v. Reed,* 89 Wis. 440, 62 N. W. 186; *Wausau B. Co. v. Plumer,* 49 Wis. 112, 4 N. W. 1072; *Harrigan v. Gilchrist,* 121 Wis. 127, 448, 99 N. W. 909; *Stephenson v. Doolittle,* 123 Wis. 36, 43, 100 N. W. 1041.

The entry of two judgments in the case, however, was error. This court has frequently held that under secs. 2882 and 2883, Stats. (1898), but one final judgment can be entered in an action. *Sellers v. Union L. Co.* 36 Wis. 398, 401; *Trustees, etc. v. Delaware Ins. Co.* 93 Wis. 57, 68, 66 N. W. 1140; *Adkins v. Loucke,* 107 Wis. 587, 593, 83 N. W. 934. Other cases might be cited to the same proposition. The *Besse* judgment was entered April 29, 1911, and the Loomis judgment June 17, 1911. *Besse* had a right to enter judgment in the action when he did, although his judgment should have made provision for adjudicating the rights of Loomis if the latter so desired. Loomis, however, was not obliged to enter judgment, unless he wanted to do so. Having deferred doing so until one judgment had been entered, he should have moved to amend that judgment instead of entering a second one. The entry of a judgment by *Besse* which ignored the rights of his codefendant was at most a mere irregularity which did not constitute reversible error. The status of the Loomis judgment will be considered in discussing the appeal taken therefrom.

*By the Court.*—The judgment of the circuit court is affirmed.

VINJE, J., took no part.