DURAS, Respondent, vs. KELLER and wife, Appellants.

*December 16, 1921—January 10, 1922.*

*Judgment: Entry dismissing action: Vacation upon failure of party to comply with settlement: Judgment by consent: Nature.*

1. An entry on the record reciting the settlement of an action, and, by consent of the parties, ordering it dismissed on the merits, though in form an order, was in fact a final judgment under sec. 2882, Stats., defining a judgment as the final determination of the rights of the parties.

2. A judgment by consent, though not based upon a verdict or findings of the court, operates to waive any defects in the pleadings or any irregularities or grounds of objection which would have constituted error if the judgment had been rendered upon a trial.

3. Where the parties to an action made a settlement under which defendant was to pay plaintiff a sum of money, and by consent of the parties the court entered a judgment dismissing the action on the merits, the court could not, without vacating such judgment, enter another judgment in plaintiff's favor for the amount alleged to have been agreed upon in the settlement, as under secs. 2882 and 2883 more than one judgment cannot be entered in an action.

4. The alleged failure of the defendant to carry out his promise upon which the settlement was made could not, in the absence of a stipulation to that effect, constitute ground for vacating the judgment of dismissal entered by consent.

5. A judgment by consent is but a contract between the parties put upon the record with the sanction and approval of the court.

6. The agreement of the parties stands as a final disposition of their rights unless vacated or set aside in the manner provided by law.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

This action was begun in the civil court of Milwaukee county to recover $2,000 damages alleged to have been sustained by reason of a defective walk upon the premises leased by the plaintiff from the defendants. Issue was joined, the matter was brought on for trial, a jury impaneled and sworn, and a recess was taken. The record then shows:

"Settlement effected. By consent of the parties, by their respective attorneys, it is ordered that the above entitled

action be and the same hereby is dismissed upon the merits without costs to either party.

"By the Court:

"Wm. A. Klate, Clerk.

"By Elizabeth Donnelly, Deputy Clerk."

The record shows that ten days later and on October 30th the plaintiff appeared by her attorney, the defendants appeared specially. The plaintiff filed an order to show cause why judgment should not be rendered in favor of the plaintiff and against the defendants in the sum of $375 and costs. The defendants, appearing specially, objected to the jurisdiction of the court on the ground that on October 20, 1920, the case was dismissed upon its merits without costs to either party. It further appears that the statement of M. H. Sell, Esq., who appeared for the defendants in the first proceeding, was taken by the court. No memorandum thereof, however, appears in the record. The court took the matter under advisement, and on November 5th overruled the objection to the jurisdiction, and on November 13th appears the following entry: "The court now finds for plaintiff and against defendants and assesses plaintiff's damages at the sum of $375 and costs," and ordered judgment accordingly. On November 15th the defendants gave notice of a motion to vacate and set aside the order so entered. The motion to set aside the order was denied and on November 22d judgment was entered in accordance with the order. From the judgment so entered in the civil court the defendants appealed to the circuit court for Milwaukee county, and from an order of the circuit court affirming the judgment of the civil court the defendants appeal to this court.

*Henry G. Disch* of Milwaukee, for the appellants.

For the respondent there was a brief by *Raymond J. Cannon* of Milwaukee, and oral argument by *M. L. Lueck* of Beaver Dam.

Rosenberry, J. It is the claim of the defendants that the court was without jurisdiction or authority to enter the judgment appealed from.

Before proceeding to consider that matter it will be necessary to dispose of some preliminary matters. The determination entered on October 20th, although in form an order, was in fact a final judgment as defined by sec. 2882, Stats., for the reason that it was a final determination of the rights of the parties in the action. Although not based upon a verdict or findings of the court, it was a judgment by consent and operated to waive any defects in the pleadings or any irregularities or grounds of objection which would have constituted error if the judgment had been rendered upon a trial. 23 Cyc. 729, and cases cited. No motion has ever been made to set aside that judgment and it has not in fact been set aside. The trial court held that by the order of November 13, 1920, the civil court, in effect, vacated the previous order. We are not advised upon what ground this conclusion is based. It would seem elementary that where there is one final judgment in an action there cannot be a second judgment in that action without having the first judgment vacated. Neither party asked to have the first judgment vacated, nor is any ground assigned upon which an order to vacate might be based. The order directing entry of the second judgment recites: "The plaintiff and defendants arrived at a settlement of said case in the sum of $375, which was to be paid by the defendants to the plaintiff; that immediately after said agreement was reached the attorney for the defendants, in open court and in the presence of the jury, stated to the court that the parties to this action had agreed upon an amicable settlement, and the court thereupon dismissed the jury and dismissed the case; that thereafter the defendants refused to pay the sum of $375 to the plaintiff, and the court, being advised of said fact and after a full hearing thereon by the parties and after being well and sufficiently advised in the premises," entered the order for judgment referred to in the statement of facts. The order to show cause was based upon the affidavit of plaintiff's at-

torney to the effect that "the defendants submitted a proposition of settlement of $375 to your affiant, and your affiant, after consultation with his client, accepted said offer in open court; that thereupon the jury was dismissed and the said defendants agreed to pay the sum of $375 on the following day; that thereafter the attorney representing the defendants notified your affiant that defendants had declined to pay pursuant to said terms in open court." The alleged failure of the defendants to carry out a promise to be performed at a subsequent time cannot, in the absence of a stipulation to that effect, constitute grounds for relief from the judgment of dismissal entered by consent at the time of the making of the promise. There is not the slightest intimation in the entire record that the defendants ever stipulated that judgment might be entered against them for the agreed amount. The original judgment not having been vacated and no grounds appearing upon which such relief might be properly granted to the plaintiff, the order for the second judgment and the entry thereof were erroneous.

Under the provisions of secs. 2882 and 2883, Stats., not more than one judgment can be entered in an action. *Loomis v. Besse,* 148 Wis. 647, 135 N. W. 123. A judgment by consent is but a contract between the parties put upon the record with the sanction and approval of the court. *Holloway v. Durham,* 176 N. C. 550, 97 S. E. 486. The plaintiff having agreed that in consideration of the defendants' promise to pay $375 at a later time the action should be dismissed upon the merits, and such agreement having been given effect by the judgment of the court, it must stand as a final disposition of the rights of the parties in that action unless vacated or set aside in the manner provided by law.

The defendants claiming that their consent to the making of the promise was obtained by duress and misrepresentation, we make no intimation in any way as to the rights of

the parties except so far as they are necessarily involved upon this appeal.

*By the Court.*—Judgment of the circuit court affirming the judgment of the civil court is reversed, and cause remanded with directions to set aside and vacate the judgment entered November 22, 1920.