J. L. COULTER, Appellant, v. R. G. SMITH et al., Appellees.

**JUDGMENT: Vacation—Consent Decree.** Equity will not set aside a consent judgment for attorney fees for both parties in divorce proceedings, against the defeated party and his land, when no fraud is shown, and when the court had personal jurisdiction over both parties to the proceeding.

**JUDGMENT: Vacation—Failure to Do Equity.** Equity will not set aside a judgment for a debt which complainant admits he owes, and which he in no manner offers to discharge.

Headnote 1: 34 C. J. p. 442 (Anno.)    Headnote 2: 34 C. J. p. 433 (Anno.)

*Appeal from Scott District Court.*—F. D. LETTS, Judge.

JANUARY 19, 1926.

REHEARING DENIED APRIL 9, 1926.

SUIT in equity, to annul provisions in a decree of divorce making allowances in favor of the attorneys for the plaintiff and for the defendant in the divorce suit. Judgment for defendants, and plaintiff appeals.—*Affirmed.*

*E. F. Richman,* for appellant.

*R. B. Swift,* for appellees.

MORLING, J.—At the conclusion of the taking of testimony in the divorce suit against the present plaintiff, in which he had filed a cross-petition, the presiding judge indicated his opinion that the plaintiff in that suit (one of the defendants in this suit) was entitled to divorce, and suggested that the parties discuss terms. The present plaintiff and his then wife and their attorneys went into conference. This resulted in the drawing of a decree against the present plaintiff, which was entered under date of June 30, 1923. Not all of the provisions of the decree are before this court. Those attacked by this suit are that defendant (plaintiff here) shall pay $100 as attorney's fees for the plaintiff's attorney (defendant R. G. Smith), and that the defendant (plaintiff here) shall pay $100 as attorney's fees for his attorneys (defendants U. A. Screechfield and Harold Metcalf), in addition to the temporary fees allowed U. A. Screechfield theretofore, and that such allowance of attorney's fees be and remain a lien upon the property of the defendant in question. Judgment was rendered against the defendant (plaintiff here) for such attorney's fees. The petition in this case was filed November 28, 1923. Numerous reasons are put forward as the grounds of suit, which may be condensed into three: want of jurisdiction, fraud, and absence of legal authority for entering judgment in favor of strangers to the action and to the issues.

1. JUDGMENT: vacation: consent decree.

The plaintiff testified that he was not present at the signing of the decree.

"All I heard is what the judge said, and my lawyers. * * * Mr. Screechfield * * * said the judge took it off their hands, and I said, 'Can't you send it to a higher court?' and he said, 'We can do nothing.' * * * I first learned that attorney's fees had been allowed in the decree,—well, I heard Judge Scott say it while the trial was going on. I heard him say my attorneys would be allowed attorney's fees. * * * I relied upon my attorneys to protect all my rights in the case. I think Mr. Hanley is the one that told me that it was not proper; that they had no right to allow the attorney fees. * * * I was there when the judge dismissed [decided?] it, and said what he did. * * * I was not in this room with Mrs. Coulter, Mr. Screechfield, Mr. Metcalf, and yourself [Mr. Smith] at the time the final decree was talked over."

He says that he paid his attorneys $25, but no more, "because I thought the court allowed you [Mr. Screechfield] enough. * * *"

"Q. It was perfectly all right for the court to allow us [Screechfield and Metcalf] our fee and charge it against your property? A. Well, no. I didn't suppose the court would do that. I intended to pay you that myself. I said now, since the court had allowed you that much, I wasn't going to pay more unless you got it out of the property. * * * I did not understand the provisions of the decree, not for a couple of days after it was all over with here, and I seen it in Screechfield's office, I think, the first I knew about it."

Judge Scott heard the divorce case. He remembered that there were various conferences; didn't remember whether the parties were present; said that there was a later conference, at which Mr. Hanley appeared. He remembered that allowances were made to the attorneys for both sides. He signed the decree on the agreement of the attorneys. He speaks of a hearing for modification, at which Mr. Hanley appeared; but the record does not show what that application was, except that he says that:

"Mr. Hanley and Mr. Coulter came up here and wanted her

to take the property and she wouldn't take it. I insisted upon her taking it. * * *"

Mr. Metcalf, Mr. Screechfield, Mr. Smith, and Mrs. Coulter testified that Mr. Coulter was present at these conferences; that the present plaintiff wanted to turn over the property to his wife, but the equity was so small that she wouldn't take it; that the provisions of the decree were all talked over and all agreed to. Mr. Metcalf and Mr. Screechfield say that the present plaintiff declared that he was not going to pay them anything more, and they would have to take their fees out of the property. Two or three days after the decree was rendered, the present plaintiff went to their office and read the decree. They testified that he made no objection to its financial provisions.

The present plaintiff's attorneys had agreed to take the case for $100. Plaintiff, however, was put in jail for contempt in not paying alimony, and extra services were performed in getting him out. It appears, however, that, when they assigned the judgment to defendant Pederson, they did so with the understanding that $25 had been paid upon it.

Defendants pleaded, and it is apparently not disputed, that, on December 21, 1923, the plaintiff gave to E. F. Richman, his present attorney, a deed for the property, conditioned on the payment to the grantee for his services and expenses for services rendered or thereafter rendered. The trial court held that the evidence conclusively showed that the property interests involved were made the subject of agreement, and that the provisions of the decree were agreed upon by the parties; that defendant consented that the attorney's fees should be made a lien upon his real estate, and enforced as provided in the decree; that there was no evidence of any fraud; and that his attorneys represented the present plaintiff in his interest, and in a lawful and honorable manner. The record here amply sustains these findings.

The court rendering the judgment had jurisdiction of the subject-matter. The plaintiff was before it, and submitted himself to its jurisdiction. There was jurisdiction of both the subject-matter and the plaintiff; but, if not, it does not matter,

for it was the agreement of the plaintiff (*Duras v. Keller*, 176 Wis. 88 [186 N. W. 149]; *Karnes v. Black*, 185 Ky. 410 [215 S. W. 191]), and he is asking the active interference of a court of equity to set it aside, without any showing of fraud or mistake, and without any offer to pay the debt for which he agreed to give the lien.

We do not think it necessary to consider the differences of opinion among the courts respecting the validity of provisions in a consent judgment beyond the scope of the pleadings. See 34 Corpus Juris 129 *et seq.* Neither do we find

2. JUDGMENT: vacation: failure to do equity. it necessary to discuss the question whether the plaintiff is pursuing the proper remedy. See Section 4091 *et seq.*, Code of 1897. The plaintiff is owing the attorney's fees in controversy. He agreed that they should be made a lien upon the property and paid from its proceeds. He was desirous of turning the property over to his former wife. It was in his interest that the fees of his attorney should be paid from it. He would naturally so regard it. He admits that he had paid no more than the $25 because of the court's allowance. The evidence shows beyond question that he did agree to the provisions of the decree. He is asking a court of equity to actively interfere in his behalf to annul an arrangement which he says, in effect, he had confirmed as the only means which he would recognize for his attorneys to get their pay. The vacating of the judgment would displace, in favor of a later attorney, the lien which the plaintiff deliberately agreed to, and of which the later mortgagee undoubtedly knew when he took his mortgage. A court of equity acts only in accordance with conscience and good faith. The plaintiff can ask equity only on condition that he does equity. Before equity will grant relief against a judgment, it must appear that it is against conscience to execute the judgment. 1 Pomeroy's Equity Jurisprudence (4th Ed.), Sections 385, 388, and cases in note; *Burlington & M. R. R. Co. v. Hall*, 37 Iowa 620; *Commercial St. Bank v. Pierce*, 176 Iowa 722; *Schneider v.*

*Lobingier,* 82 Neb. 174 (117 N. W. 473); 34 Corpus Juris 432, 441, 490, 499; 21 Corpus Juris 701, 714, 715.

The judgment is —*Affirmed.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.