Jerome ROSCHE, and Mrs. Jerome Rosche, Plaintiffs-Respondents, †

v.

WAYNE FEED DIVISION, CONTINENTAL GRAIN COMPANY, Defendant-Appellant.

Court of Appeals

*No. 88-2273. Submitted on briefs July 19, 1989.—Decided August 23, 1989.*

(Also reported in 447 N.W.2d 94.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *William P. Te Winkle* of *Rohde, Neuses & Dales* of Sheboygan.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Robert L. McCracken* and *Joan Ravanelli Miller* of *Nash, Spindler, Dean & Grimstad* of Manitowoc.

Before Brown, P.J., Scott and Nettesheim, JJ.

BROWN, P.J.   Wayne Feed Division, Continental Grain Company, appeals a jury award to Mr. and Mrs. Jerome Rosche (Rosche) of $44,653 as damages for pigs left dead, sick and sterile after eating Wayne Feed's products. Though Wayne Feed raises a number of issues, the dispositive question on appeal is narrow and focuses on future profits. The issue is whether the trial court wrongly refused to instruct the jury that the basic measure of damages for dead and injured livestock is premised on market value of the affected animals and does not include a separate award for unborn litters. We agree with Wayne Feed that the refusal to instruct the jury on these rules of law was error and we reverse and remand for a new trial on damages.[1]

---

[1] In addition to the basic measure of damages, Wisconsin law recognizes other recoverable elements of damage, such as the expenses incurred due to the animal's injury. *Gould v. Merrill Ry. & Lighting Co.*, 139 Wis. 433, 447, 121 N.W. 161, 167 (1909). At the new trial, the appropriateness of these other legally allowable damage awards obviously turns on the sufficiency of evidence

The pertinent facts are few. During the course of the trial, Rosche introduced evidence that deaths and injuries to his hog herd resulted in lost profits traceable to unborn litters of baby pigs. Wayne Feed did not object to this lost profits evidence.

At the instructions conference, the trial court proposed to give Wis J I—Civil 3725, Damages: Future Profits. Wayne Feed requested that the jury be instructed that it could not award any damages for unborn animals and that the proper measure of damages is the replacement cost reflected in market value of the livestock. Rosche asserted that since there had been no objection to the evidence of unborn litters and their value, Wayne Feed's argument was waived. Rosche prevailed.

## I.

On appeal, Rosche argues that if he presented any category of damage or calculation of damage that was improper, Wayne Feed should have objected to admission of that evidence. Since it did not, Rosche argues that Wayne Feed waived the right to request an instruction telling the jury that compensation for such damages is not countenanced by law. The conclusion does not follow from its premise.

It is true, as Rosche asserts, that a party must object to the admission of evidence or be deemed to have waived objection to its admission. *See* sec. 901.03, Stats. Rosche also asserts that since he presented evidence supporting his damage theory and because there was no

supporting them. Wayne Feed raises several additional issues relating to the validity of the damages awarded in light of the evidence; because we reverse and remand for a new trial on damages, we do not address these issues.

objection to this evidence, the trial court was obligated to instruct the jury concerning his theory. In support, he cites the rule that it is error for a court to refuse to instruct on an issue which is raised by the evidence. *Lutz v. Shelby Mut. Ins. Co.,* 70 Wis. 2d 743, 750, 235 N.W.2d 426, 431 (1975). But no matter the evidence, jury instructions must, as a whole, communicate a correct statement of the law and may not be constructed in such a way as will probably mislead the jury as to the law. *See Leahy v. Kenosha Memorial Hosp.,* 118 Wis. 2d 441, 451-52, 348 N.W.2d 607, 613 (Ct. App. 1984). Evidence cannot raise an issue that requires the trial court to instruct the jury incorrectly on a question of law. There is no reason in law or logic for such a proposition.

■ The rule of waiver bars this court from reviewing jury instructions to which there has been no timely objection. *State v. Schumacher,* 144 Wis. 2d 388, 409, 424 N.W.2d 672, 680 (1988). The supreme court rule is that an objection to jury instructions shall be made during the instructions conference. Sec. 805.13(3), Stats. Wayne Feed did in fact raise its objection at that time. Therefore, the objection was timely, and the issue is not waived.

## II.

We turn then to the question of whether the instructions adequately set forth the law governing assessment of damages for dead and injured livestock. They did not.

■ Our supreme court holds that the basic measure of damages for the destruction of livestock is the animal's market value, determined by replacement cost, with an

appropriate reduction for any salvage value. *Nelson v. Boulay Bros. Co.,* 27 Wis. 2d 637, 643–44, 135 N.W.2d 254, 257 (1965). Damages for loss of future births are denied as opening the door to a duplication of damages, because the afflicted animal's ability to reproduce is considered when the fact finder assesses its market value. *Id.* at 644, 135 N.W.2d at 257.[2] Since Wayne Feed's products were alleged to have killed some of Rosche's herd, an instruction encompassing the *Nelson* rule should have been given.

The issue of injured livestock is also a factor in this case because Rosche claims that Wayne Feed's products left some of his herd ill and sterile. Wisconsin follows the general rule in holding that the basic measure of damages for an injured animal is the difference between its market value before and after the injury was incurred. *Loomis v. Besse,* 148 Wis. 647, 651, 135 N.W. 123, 124–25 (1912); *see* 37 P.O.F.2d, Damages for Loss of or Injury to Animal, 37–639, 645 (1984). Where the animal is rendered worthless by virtue of its injuries, the *Loomis* rule and the *Nelson* rule have no practical differences. *See* 37 P.O.F.2d at 645. Both rules are designed to further full, but not duplicative or speculative, recovery for an animal's diminished worth. Therefore, under both *Loomis* and *Nelson,* a party may not recover for loss of future births and the jury should have been instructed accordingly.

---

[2]We suspect that Wayne Feed did not object to the lost litter evidence because such evidence was material to the market value theory of damages it espoused. The many purposes for which evidence can be offered and acceded to make Rosche's argument in Part I particularly specious.

## III.

The issue of how to measure Rosche's damages was timely raised, but although requested, no instruction on the basic measure of damages for injuries to livestock was given. It is error for the trial court to refuse to give an instruction on an issue raised by the evidence. *Lutz,* 70 Wis. 2d at 750, 235 N.W.2d at 431.

In evaluating instructions given to a jury, we consider them in their entirety, and if the error is rendered harmless because of other correct statements of law contained in the instructions, there are no grounds for reversal. *State v. Paulson,* 106 Wis. 2d 96, 108, 315 N.W.2d 350, 356 (1982). We test the prejudicial effect of an erroneous instruction by determining whether the jury was probably misled. *D.L. v. Huebner,* 110 Wis. 2d 581, 628, 329 N.W.2d 890, 911 (1983).

Wis J I—Civil 3725 could only be construed by the jury in this case as a directive to assess the amount of damages proved and traceable to unborn litters. No other instruction was given that could have corrected this impression. In fact, the lost profit instruction was the jury's primary guidance in assessing damages. However, lost profit is not the basic measure of damages for livestock that is injured or destroyed.

Rosche attempts to justify the damages awarded by other evidence of record, but he fails. For example, he asserts that the jury could have awarded the same amount for the sterile and ill animals as it did for the animals that died. As discussed, however, the measure of damages for injured animals is somewhat different from that for dead animals. Rosche points to no evidence supporting a damages award for injured animals which might have been sold, identical to that for dead animals

with no market value. Indeed, Rosche admittedly tried his case on the theory that lost production and not loss of the animals was the lawful measure of damages and his evidence was presented to that end.

Under the circumstances of this case and the damages instruction given, it is clear that the jury was misled and that the award given Rosche was probably based on a misapprehension of compensable loss. We conclude that there must be a new trial on the question of damages. *See Nelson,* 27 Wis. 2d at 644, 135 N.W.2d at 257.

*By the Court.*—Judgment reversed and cause remanded.