THOMAS SATCHWELL vs. E. WINSLOW WILLIAMS.

The plaintiff worked in the defendant's mill under a contract by which he was to receive a certain sum per day and was not to leave without giving fourteen days notice. He left without giving any notice, and brought a suit for his wages. He had been employed to tend a machine which lay idle three days before his place could be supplied, making it necessary to stop other machinery the use of which was dependent upon its running. In the suit the defendant claimed to recoup the damage sustained. Held—1. That the damage could be recouped to the extent of the injury actually sustained.—2. That the damage must not be so uncertain and indefinite in its character that no satisfactory estimate could be made of its amount.—3. That it was not a sufficient reason for disallowing the damage claimed, that the defendant could state its amount only proximately, since in most cases of claim for injuries it is impossible to do more; it is enough if, from proximate estimates of witnesses, a satisfactory conclusion can be reached.—4. That it was not enough to allow the defendant as damages simply what it would have cost to procure another operative in the place of the plaintiff.

ASSUMPSIT for work and labor; brought before a justice of the peace, and appealed by the defendant to the Court of Common Pleas of New London County, and tried to the court on the general issue, with notice of a claim of recoupment, before *Holbrook, J.* The court found the following facts:

The plaintiff entered into the service of the defendant at the wages of one dollar and a half per day, subject to the regulations of the defendant's mill. one of which was as fol-

lows: "Fourteen days' notice at office before leaving will be required;" which regulation was a part of the contract between the plaintiff and defendant. The plaintiff left the service of the defendant without giving any notice.

The work of the plaintiff was upon a spinning jack. The products of the mill came from the looms, and it was necessary that the jack should be kept running, or some of the looms must stop. By his leaving the jack was stopped from Thursday to Monday of the week following, or during three working days.

The defendant offered evidence to prove, and claimed that he had proved, that the damage caused by the stoppage of the jack in consequence of the plaintiff leaving without giving notice, amounted to more than the amount due the plaintiff for his wages. The defendant was, however, only able to state the sum approximately, and the estimates of his witnesses varied, the superintendent thinking the damages amounted to as much as two hundred dollars, and the defendant to at least one hundred dollars. No evidence was introduced to show whether the mill was running at a profit or loss.

The counsel for the plaintiff thereupon claimed that the damages sought to be recouped by the defendant were too remote, uncertain and speculative to be allowed, and as there was so much uncertainty in the proof, the court must exclude them altogether. The counsel for the defendant claimed they were a proper matter of recoupment under the notice.

The court ruled in favor of the plaintiff, and excluded the damages claimed by the defendant under his notice altogether from the computation of damages, and assessed the damages to be recouped at the wages of the plaintiff for three days, and rendered judgment for the plaintiff to recover the balance of his claim.

The defendant moved for a new trial for error in the ruling of the court.

*Pratt*, in support of the motion, cited *Hunt* v. *The Otis Co.*, 4 Met., 464; *Platt* v. *Brown*, 30 Conn., 336; *Avery* v. *Brown*, 31 id., 398; *Perry* v. *Simpson Waterproof Co.*, 37 id., 520.

*Thresher*, contra, cited 1 Greenl. Ev., § 2; Waterman on Set-off, §§ 493, 494; Sedgwick on Damages, 69, 215, note; *McAlpin* v. *Lee*, 12 Conn., 132; *Gold* v. *Ives*, 29 id., 119; *Peters* v. *Whitney*, 23 Barb., 24.

PHELPS, J.    The plaintiff entered into the employment of the defendant as an operative in his mill for certain stipulated daily wages, but for no specified time, under a contract which contained a provision that the plaintiff should give fourteen days previous notice to the defendant before leaving his employment.

It is admitted that the plaintiff continued in the service of the defendant only about a month, and that he wrongfully violated the contract by leaving without notice.    The defendant thereby claims to have suffered damage, which he seeks to recoup against the plaintiff's claim for services, and the question is, whether the Court of Common Pleas adopted the proper rule in ascertaining the amount which the defendant was entitled to recoup.

It appears from the record that the plaintiff's employment was to tend a spinning jack, and that it was necessary that the jack should be kept running or some of the defendant's looms must stop, and that by the plaintiff's leaving the jack was idle for three working days.

The court adopted as the rule of the defendant's damages the amount of the plaintiff's wages for those three days, and did not take into consideration the injury to the defendant by the stoppage of his jack and looms.

The proper rule in such cases is the actual injury sustained by the breach of the contract, but it must not be of a character so uncertain and indefinite as to be incapable of such proof as should reasonably satisfy the mind of the court, and enable it to come to a satisfactory conclusion that the damage amounts to at least a certain precise and definite sum.    We experience some embarrassment from the fact that, from the somewhat ambiguous phraseology of the motion, we are not certain of adopting the meaning of the court.    If it clearly appeared from the record that the defendant's evidence was

excluded from consideration on the ground that it was too vague and uncertain to enable the court to deduce from it that the defendant had sustained any particular amount of damage by the suspension of his machines, we should be satisfied with the disposition made of the question. But we are of the opinion that the motion is not fairly entitled to that construction. It is found that the defendant was only able to state the amount proximately, and that his witnesses differed, and this seems to have been the reason for the disallowance of the defendant's claim. From the nature of the case the defendant could only have proximately stated his precise damage. It was not possible to demonstrate to the court that it was exactly a certain sum. In this respect the case does not differ in principle from an action for slander, or seduction, or breach of promise to marry, or negligence resulting in personal injury. In these, and many others, the amount of damage is necessarily proved by evidence largely made up of opinions and estimates which only approximate the precise sum, and the plaintiff's witnesses, if intelligent and credible, always differ in their statements of the amount ; and therefore we think it unsafe, in a case like the present, to approve a ruling which rejects a claim to damage, otherwise lawful and unexceptionable, on the ground that the party could only state the amount of his injury proximately, and his witnesses differed in their judgment. But precise sums were given by way of opinion, and the lowest estimate was more than double the plaintiff's entire demand, and this evidence was uncontradicted by the plaintiff; and we conceive the error of the court to have consisted in establishing an improper basis of computation, and not in declining to consider evidence because of its uncertainty.

In fixing the defendant's damages at the amount of the plaintiff's wages for three days, and thereby establishing as the rule of compensation for a breach of contract by wrongfully leaving the defendant's employment, the simple wages of the plaintiff, or what it would have cost to pay another man for the same service, the court adopted a principle which if sanctioned can hardly fail to bear oppressively upon man-

ufacturers who employ operatives to tend machines on which the operation of other machines doing a more advanced stage of the work depends ; and this case presents a fair illustration of the mischief. A party without fault should not be subjected to such consequences by the wrongful act of another, if it can be avoided by any fair construction of the record, and any reasonable interpretation of legal principles.

In the argument some importance was attached to the fact that no evidence was introduced to show whether the defendant's mill was being run at a profit. We think this could have had no material effect on the mind of the court in the determination of this question. If the mill was in fact running at a loss, we can see no more propriety in assessing damages equivalent to the wages of the plaintiff than for the interruption of the defendant's business by the suspension of his machines. If it was a disadvantage to the defendant to have his machines kept in motion, it must on the same principle have been equally injurious to have kept workmen employed to tend the machines.

We advise a new trial.

In this opinion the other judges concurred.