FREDERICK N. BIXBY vs. WARREN M. PARSONS.

Whenever a party seeks to recover on a contract which he has broken, the defendant may recoup the damages he has sustained by reason of the breach.

The defendant hired A to work for him at certain monthly wages, living in his family. While in the service he seduced the defendant's daughter and got her with child. Held that in a suit for the wages the defendant could recoup damages for the seduction.

In such a contract for service there is an implied agreement on the part of the servant that he will do nothing injurious to his employer's interests and that he will be guilty of no criminal misconduct.

An assignee of a claim, who has paid no consideration for it but seeks to recover for the benefit of the assignor, can not maintain a suit upon it in his own name under the statute, Gen. Statutes, p. 417, sec. 6.

CIVIL ACTION to recover for work done as a laborer; brought, by appeal from a justice of the peace, to the District Court of Litchfield County.

The declaration alleged that the defendant, on the 23d of January, 1880, was indebted to one George H. Bixby for work performed by him of the agreed value of forty-four dollars and fifty cents, (the bill of particulars stating that it was a balance due for work up to that date at $12.50 per month,) that on the 14th of July, 1880, the said George H. Bixby by a writing assigned the debt to the plaintiff, and that the latter was now the actual *bonâ fide* owner of the claim, and that it had never been paid, demanding fifty dollars damages.

The defendant filed the following answer:—"1st. That he has an equitable defence against the claim set up in the complaint of the plaintiff, and in the bill of particulars filed by him, to wit, that George H. Bixby, who is the son of the plaintiff, who the plaintiff claims assigned to him the amount of said bill of particulars, was at the time of said assignment justly indebted to the defendant in the sum of one thousand dollars, for that on or about the thirteenth day of December, 1879, the said George H. Bixby seduced the servant of the defendant, being his minor child and

daughter and then in his service, and got her with child, for which act said Bixby is now imprisoned in the common jail of Middlesex County, by judgment of court on a criminal charge; and the defendant says that he was thereby deprived of the services of his said daughter of the value of two hundred dollars, and put to great expense for medical treatment, nursing and care, to the amount of one hundred dollars, and was injured in his feelings and in the good name of his family.—2d. That said George H. Bixby well knew this at the time he made the assignment claimed. —3d. That said assignment was made to avoid payment of damages for said wrongful act.—4th. That said George H. Bixby has never paid said damages or any part of them.— 5th. That the plaintiff knew these facts at the time he took said claim.—6th. That the plaintiff never gave any valuable consideration for said claim.—7th. That the plaintiff is seeking to recover the amount of said bill of particulars for the benefit of said George H. Bixby.

The plaintiff demurred to this answer, and the court (*Fyler, J.,*) held it insufficient. The case was tried at a later term to the jury and a verdict rendered for the plaintiff. The defendant brought the record before this court by a motion in error as well as by a motion for a new trial for error in the rulings and charge of the court upon the trial to the jury, but the questions made upon the latter motion are not stated, as the case was considered by this court wholly upon the motion in error.

*C. Lounsbury* and *H. P. Lawrence*, for the plaintiff in error.

1. The criminal misconduct of a hired servant during his term of service, whether it is immediately injurious to his employer or not, is a good and sufficient cause of dismissal. *Callo* v. *Brouncker*, 4 Car. & P., 518; *Lomax* v. *Arding*, 10 Exch., 734; *Wise* v. *Wilson*, 1 Car. & Kir., 662; *Kearney* v. *Holmes*, 6 Louis. Ann., 373. A servant dismissed for criminal misconduct or other sufficient cause is not entitled to any wages even for the time he has served. *Atkin* v.

*Acton*, 4 Car. & P., 208; *Ridgway* v. *Hungerford Market Co.*, 3 Ad. & El., 177; *Turner* v. *Robinson*, 6 Car. & P., 15, and note and cases cited; *Spain* v. *Arnott*, 2 Stark., 256; *Britton* v. *Turner*, 6 N. Hamp., 481. Faithful service is a condition precedent to the right of a servant to his wages; and if, during the time for which he agreed to serve, he commits a criminal offence, although not immediately injurious to the person or property of his master, he will not be entitled to recover any part of his wages. *Libhart* v. *Wood*, 1 Watts & Serg., 265, 267; *Singer* v. *McCormick*, 4 id., 265. It is alleged in the answer that George H. Bixby, for whose wages this suit is brought, while in the employ of the defendant seduced his minor daughter and servant and got her with child, of which wrongful and criminal act he had been duly convicted, and was then confined in jail on a sentence of a criminal court—to the injury of the defendant a greater sum than the amount of the plaintiff's claim. These facts being admitted, (the defendant making no claim for judgment in his favor for the excess,) should have been held to be a sufficient defence to the plaintiff's cause of action. And it can make no difference whether the damages are liquidated or unliquidated, or whether there was any direct damage at all, upon the authorities above cited.

2. The plaintiff, as assignee of George H. Bixby, can not maintain this suit in his own name, as it appears that he paid no consideration for the assignment and is suing for the benefit of the assignor. He is not, therefore, the actual *bonâ fide* owner of the claim. Gen. Statutes, p. 417, sec. 6.

*W. H. Ely*, for the defendant in error.

1. The misconduct charged upon George H. Bixby by the defendant in his answer, and which was technically admitted by the demurrer, was not a breach of his contract for service, but a wrong for which the defendant had an independent right of action against him. The equitable defence intended by the Practice Act, sec. 5, is a defence having its origin in some equity arising out of the cause of action

on which the plaintiff brings his suit, and does not arise from the mere fact that the defendant has a cause of action against the plaintiff, when that cause of action is entirely disconnected with the plaintiff's cause of action. The Practice Act does not provide for new defences but merely changes the law as to the application of recognized ones. Waterman on Set-off, §§ 137, 410, 423; *Simmons* v. *Williams*, 27 Ala., 507; *Holbrook* v. *Receivers of Am. Ins. Co.*, 6 Paige, 220; *Pattison* v. *Richards*, 22 Barb., 143. The defendant in his answer does not aver that the act was done while Bixby was in the service of the defendant. A date in the answer can not take the place of such an averment. The seduction might be proved on any date.

2. The defence attempted can not be made by way of set-off, because the claim is unliquidated and because it is founded upon a tort. Waterman on Set-off, §§ 134, 136, 138; *Knox* v. *Protection Ins. Co.*, 9 Conn., 433, remarks of DAGGETT, C. J.; *Starkey* v. *Peters*, 18 id., 185, remarks of HINMAN, J.; *New Haven Pipe Co.* v. *Work*, 44 id., 230. And it lacks all the requisites of what the statute calls a counter-claim. Pomeroy on Remedies, §§ 583, 742; Waterman on Set-off, §§ 596, 603, 608.

3. If it would have been a good counter-claim against George H. Bixby, if he had sued, it is not good as such against the plaintiff, his assignee. The plaintiff is in no way holden for the claim.

4. The suit can be maintained by the plaintiff in his own name. He avers that the claim was duly assigned to him by George H. Bixby and that he is the actual *bonâ fide* owner of it. This the defendant does not deny in terms in his answer, as he ought to have done, but only argumentatively, by averring that it was made to avoid the payment of these damages, and that the plaintiff never paid any valuable consideration for it. All this does not prevent the plaintiff being the actual *bonâ fide* owner. A consideration is not necessary. He might become so by gift; and his motive in becoming so, or his intention with regard to the use to be made of the amount received, can not affect his title.

PARK, C. J. We think the court erred in sustaining the plaintiff's demurrer to the answer of the defendant.

The action is brought in the name of the assignee of the claim, and in order to maintain the suit he must show that he is the actual *bonâ fide* owner of it. Gen. Statutes, p. 417, sec. 6. How can this be true and at the same time the allegations of the defendant's answer be true? We are to assume these allegations to be true, for the plaintiff admits them by his demurrer. It appears by them and the plaintiff's bill of particulars, that during the time of his service with the defendant, George H. Bixby, the plaintiff's assignor, seduced the minor daughter of the defendant, and got her with child, while the daughter was in the service and family of the defendant; and that in consequence thereof the defendant lost her services, which were of the value of two hundred dollars; and was subjected to great expense in medical attendance and in nursing her during her confinement, which amounted to the sum of one hundred dollars; that the assignor made the assignment to avoid payment of these damages; that the plaintiff knew all these facts at the time he took the assignment, and took it to recover the amount for the benefit of the assignor, paying no consideration for the same.

These are the facts, and upon them it is clear the plaintiff cannot maintain this suit in his own name, for he is not the *bonâ fide* owner of the assigned claim within the meaning of the statute. He took the assignment knowing for what purpose it was made, and took it to assist his son in recovering the claim without paying the damages. There was clearly no good faith in the transaction.

But if the assignment was valid and the suit maintainable by the plaintiff in his own name, yet he could not recover. The facts are fatal to a recovery. In *Callo* v. *Brouncker*, 4 Car. & P., 518, there was a contract of employment of the plaintiff for one year at the rate of ten pounds per month, and a dismissal of the plaintiff before the end of the year for claimed misconduct. Justice PARKE told the jury that the contract contained " an implied agreement

that if there was any moral misconduct, either pecuniary or otherwise, willful disobedience or habitual neglect, the defendant should be at liberty to part with the plaintiff." The ruling in this case was based substantially upon the ground that such misconduct would break the implied agreement forming a part of the contract of hiring, and would therefore justify a dismissal. We would rather say that the implied contract was, that the servant would faithfully perform his service and abstain from such misconduct. It *Atkin* v. *Acton*, 4 Car. & P., 208, a clerk and traveling agent, hired by the year, assaulted his employer's maid servant with intent to ravish her. It was held that this was good cause for his dismissal without notice, and that a person dismissed under such circumstances was not entitled to recover wages for the time he had served. This decision was likewise based upon the ground that the clerk by his misconduct broke the implied agreement which formed a part of the contract of hiring, and gave the defendant the right to rescind it. In *Ridgway* v. *Hungerford Market Company*, 3 Adol. & El., 171, it was held that a servant discharged for improper conduct could not recover any part of his salary from the last pay day to the time of his dismissal. The same doctrine was held in *Turner* v. *Robinson*, 6 Car. & P., 15, *Spain* v. *Arnott*, 2 Stark., 256, *Wise* v. *Wilson*, 1 Car. & Kir., 662, and *Lomax* v. *Arding*, 10 Exch., 734. These are all English cases, but the same doctrine has been holden in this country. In *Libhart* v. *Wood*, 1 Watts & Serg., 265, and *Singer* v. *McCormick*, 4 Watts & Serg., 265, it was held, that faithful service is a condition precedent to the right of a servant to recover his wages; and if during the time for which he agrees to serve he commits a criminal offence, although not immediately injurious to the person or property of his master, he will not be entitled to recover any part of his wages. See also *Britton* v. *Turner*, 6 N. Hamp., 481, and *Kearney* v. *Holmes*, 6 Louis. Ann., 373.

The law of these cases applies with peculiar force to the case in hand, where the servant while living in his employ-

er's family under the contract of hiring, seduced his minor daughter and got her with child. The contract gave the seducer the right to be in the family, and he took advantage of that right to accomplish his base purpose.

It may be said in the case under consideration, that it does not appear that the defendant dismissed the seducer of his daughter as soon as he obtained knowledge of the fact, nor that he dismissed him at all, and that consequently the law that has been cited does not apply to the case. It is true that the defendant's answer is silent·upon the subject, although the seduction is alleged to have been committed about one month previously to the time the bill of particulars states that the seducer left the employment of the defendant. It can hardly be supposed that the injury which he had caused could have been so far developed during the month as to have become known; indeed, the loss of service and the expenses attending the confinement of the daughter must necessarily have occurred long after he had left the defendant's employment. But however this may be, the defendant was entitled, at all events, to recoup those expenses and the damage for the loss of service in reduction of the seducer's claim. The plaintiff seeks to recover the wages on the contract of hiring. The cases cited show that the seducer broke that contract, and these damages resulted to the defendant in consequence of the breach. ⟨This gives the defendant the same right to recoup the damages that he would have had if the servant had intentionally killed the defendant's horse, or burned his dwelling, for in such cases the contract of hiring would have been broken.⟩ The law is now well established that whenever a party seeks to recover on a contract which he has broken, the defendant in the suit has the right to recoup the damages he has sustained in consequence of the breach. In *Stockwell* v. *Williams*, 40 Conn., 371, where a hired mill operative left his employment without having given the previous notice of his intention to leave which the contract required, and in consequence the work at the mill was hindered, it was held that the claim of the operative for

wages up to the day of his leaving was subject to a recoupment for the damages done to the mill owner, to the full extent occasioned by such hindrance to the operations of the mill.

This right of recoupment is attached to the contract and goes with it into whosesoever hands the right may come to sue on the contract. Such would have been the case if the plaintiff was a *bonâ fide* assignee of the claim in controversy.

We think there is manifest error in the judgment complained of, and hence it is unnecessary to consider the other questions raised in the case.

In this opinion the other judges concurred.