MARY ANN ADAMS *vs.* EDWARD ADAMS.

The statute (Gen. Statutes, p. 187, sec. 6,) which provides that any married woman, abandoned by her husband, may "sue and be sued as a feme sole," enables her to maintain a suit against her husband, to procure the setting aside of a conveyance of real estate which he had wrongfully obtained from her.

The same statute terminates on such abandoment the husband's marital rights in her property and vests it in her as her sole and separate estate. If the statute did not authorize a suit by her against him, yet equity would entertain a suit brought by her for the recovery of her property.

[Argued June 14th—decided June 15th, 1883.]

SUIT to set aside certain conveyances of real estate and for the vesting of the title in the plaintiff; brought to the Court of Common Pleas of New Haven County, and tried before *Torrance, J.* Facts found and judgment for the plaintiff, and appeal by the defendant. The case is sufficiently stated in the opinion.

*T. C. Ingersoll* and *F. G. Ingersoll,* for the appellant.

*W. L. Bennett,* for the appellee.

LOOMIS, J. Upon the complaint of a married woman against her husband, brought after she had been abandoned by him, the Court of Common Pleas cancelled and set aside certain conveyances of real estate which the latter had

Adams v. Adams.

obtained from the former by gross fraud, undue influence and duress, and confirmed the title in the wife as it stood prior to the conveyances. The husband's appeal to this court from this judgment is placed upon the sole ground that a married woman cannot bring a suit of this character against her husband.

It would be a humiliation were we obliged to confess that courts of equity without the aid of the statute would be powerless to furnish a remedy for such a wrong as this case discloses. But we are relieved of the necessity of any discussion of this question by the provisions of section 6th, page 187, of the General Statutes, that "when any man shall have abandoned his wife, he shall be deemed to have abandoned his right to the custody and control of her property, and the rents and income thereof; and said property shall thereupon immediately vest in her and be her sole estate, and she may, during the continuance of such abandonment, sue and be sued, and transact business in her own name, as a feme sole."

It is very clear that the effect of this statute is to terminate the husband's marital right to control the wife's property and to vest it in her as her sole and separate estate; so that, if it went no further, equity would interpose and enable her to protect or recover her property; but the statute proceeds in most explicit language to authorize the wife to sue and be sued as a feme sole, during the continuance of her abandonment, and this enables her to sue her husband as well as a third party.

There was no error in the judgment complained of, and it is affirmed.

In this opinion the other judges concurred.