LOUIS J. MULLER AND HENRIETTA S. WITTE *vs.* CHARLES R. WITTE.

First Judicial District, Hartford, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

One to whom a chose in action is assigned without consideration and for the sole purpose of enabling him to bring an action in his own name for the benefit of the assignor, is not an equitable and bona fide owner of the claim, and therefore cannot maintain the action.

During the existence of the marriage relation neither spouse can sue the other at law, except as authorized by statute.

In the present case the plaintiff, who was married to the defendant in 1874, sued him for money loaned, alleging that before the commencement of the action he had abandoned her. This allegation the trial court found to be untrue. *Held* that under these circumstances the action was not maintainable.

Argued January 2d—decided January 26th, 1906.

ACTION for money alleged to have been loaned by a wife to her husband, brought to and tried by the Court of Common Pleas in Hartford County, *Coats, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff Henrietta S. Witte. *No error.*

*Bernard F. Gaffney,* for the appellant (plaintiff Henrietta S. Witte).

*Frank L. Hungerford,* for the appellee (defendant).

TORRANCE, C. J. This action was brought at first by the plaintiff Muller alone, upon the common counts. He claimed to be the bona fide owner by assignment from Henrietta S. Witte, who was in fact the wife of the defendant, of a debt alleged to be due from the defendant to his said wife. Subsequently, upon the motion of said Muller, said Henrietta was made a coplaintiff in the action. The bill of particulars as filed in the case was for money loaned to, and paid out for, the defendant by his said wife.

After this the plaintiffs filed an additional count, alleging in substance these facts: That Henrietta was the wife of the defendant, married to him in 1874, but that he had abandoned her before this suit was commenced; that on or before February 2d, 1898, she loaned to him $900 under an oral agreement that he would convey to her certain real estate of his in New Britian; that he had refused to make said conveyance; and that she had assigned said claim to Muller without consideration, and under a misapprehension of the law relating to married women abandoned by their husbands. This last allegation, as also the allegation that Henrietta was the wife of the defendant, married to him in 1874, were admitted in the answer, and the other allegations were denied.

The material facts found are these: The defendant and said Henrietta intermarried in 1874, and lived together until some time in February, 1898. In 1892 Henrietta received the sum of $950 as the proceeds of a policy of life insurance

paid to her upon the death of her mother.    Between November, 1892, and May, 1893, she, at the request of the defendant, "delivered to him a considerable portion of said sum of $950—not as a gift, but to enable the defendant to use the same in the payment of his personal debts and obligations."    The defendant used said money for the purposes specified, has never repaid the same, "and claims the right to retain the same as statutory trustee of his wife."    The assignment of said Henrietta's claim against her husband to the plaintiff Muller, set up in the complaint, was made without valuable consideration, and "for the sole purpose of enabling said Muller to bring this action in his own name for the benefit of Henrietta S. Witte."    In February, 1898, said Henrietta, voluntarily and without lawful cause or excuse, left her husband and her home, and since that time has voluntarily continued to live apart from her husband and to support herself, and her husband has not abandoned her.    The only relief claimed was "one thousand dollars damages."

Upon these facts the court rendered judgment for the defendant; and we think it did not err in so doing.    Upon the facts found, Muller clearly had no right to maintain this action; for he was not the assignee and equitable and bona fide owner of the cause of action.    *Bixby* v. *Parsons*, 49 Conn. 483; *Olmstead* v. *Scutt*, 55 id. 125; *Gaffney* v. *Tammany*, 72 id. 701.

It is, we think, equally clear that the other plaintiff, the wife, cannot maintain this action against her husband.    She was married to the defendant in 1874, and this is an action at law for the recovery of money not alleged nor shown to be her separate property, and not a proceeding in equity for the recovery or protection of her separate property.    The rule is that "a party seeking equitable relief shall specifically demand it as such, unless the nature of the demand itself indicates that the relief sought is equitable."    Practice Book, p. 43, § 138.    Nothing of that kind is indicated in the complaint in this case.    It seeks merely the recovery of a legal debt arising out of a loan made by the wife to her husband,

or out of an agreement made between them; it asks only for money damages; and it must be regarded as an action at law, and not a proceeding in equity. *Baxter* v. *Camp*, 71 Conn. 245. Arising out of the common-law doctrine of the legal unity of husband and wife, is the wide, general rule that neither spouse can, during the existence of the marriage relation, sue the other at law, except as authorized by statute. If the wife of the defendant had been abandoned by him as alleged, she might, under our law, sue and be sued "as a *feme sole*"; General Statutes, § 4543; *Moore* v. *Stevenson*, 27 Conn. 14; and this might perhaps be held to include her right to maintain an action at law against her husband; *Adams* v. *Adams*, 51 Conn. 135; but the court has found that she had not been abandoned by her husband, and that, we think, is conclusive against her right to maintain this action.

Upon the question whether the defendant is entitled to hold, as statutory trustee, the money delivered to him by his wife, we express no opinion.

There is no error.

In this opinion the other judges concurred.