LIZZIE BURNER *vs.* JORDAN FAMILY LAUNDRY.

Androscoggin.    Opinion November 25, 1922.

*If negligence is not alleged in the declaration it is not an issue.    Yet, if evidence of negligence, sufficient to support a verdict, is admitted without objection, a verdict based upon such evidence may be allowed to stand.    The declaration being amendable upon seasonable objection, the case having been tried as if amendment had been made, the amendment is considered as made.    Differentiation between matters raised on a demurrer, and those raised in a case fully tried upon a plea of general issue.*

Two separate and distinct acts of negligence on the part of the defendant were involved in the case.  One was specifically alleged in the declaration, the second was not.  At the close of the declaration there was a general allegation of negligence on the part of the defendant from which plaintiff claimed she had sustained injuries.  The case was tried upon a plea of the general issue.  Without objection, so far as the record discloses, evidence was offered in support of both the first and second acts of negligence.  If requested at the time of the trial an amendment would have been allowable specifically alleging the second act of negligence.  The case having been fully tried as if the amendment had been made we rule that the amendment may be considered as made.  Hence an instruction, to the effect that there was no variance between allegation and proof, is not erroneous.

On exceptions.  An action to recover for personal injuries sustained by plaintiff in the employment of defendant in its laundry.

The plaintiff at the time the injury occurred was removing laundry from the drying machine situated on the second floor of the building.

The machine was connected by two belts with the main power shaft on the floor below where the power was turned on.  The machine was provided with a lever to throw off the belt when desired onto a loose pulley.  The power was usually turned on on the floor below each day after dinner a few minutes before one o'clock.  When work was suspended on the day of the injury at noon, a fellow employee of the plaintiff had charge of the drying machine, and neglected to throw off the belt onto the loose pulley by means of the lever.

The plaintiff returning to the laundry after dinner resumed her work a few minutes before one o'clock in removing laundry from this drying machine, and while so engaged the power was turned on below and the drying machine started and injured the hand of plaintiff.

The case was tried to a jury and a verdict for $239.46 was rendered for the plaintiff. Defendant excepted to the refusal of the presiding Justice to give a requested instruction, and also excepted to an instruction. Exceptions overruled.

The case is fully stated in the opinion.

*Frank A. Morey*, for plaintiff.

*Benjamin L. Berman and Jacob H. Berman*, for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, DEASY, JJ.

PHILBROOK, J. This is an action to recover compensation for an accidental injury sustained by the plaintiff while in the employ of the defendant. The jury awarded a verdict in favor of the plaintiff and the defendant brings the cause before this court upon a bill of exceptions. The record of the testimony is not made part of the exceptions but from the evidence incorporated in the bill we learn that the plaintiff, in support of her case, offered testimony to the effect that she was injured a few moments before one o'clock in the afternoon while she was in the act of taking out laundry from a dry-ing machine, so called. It appears that the drying machine was situated upon the second floor of the laundry building and that this machine was connected by a belt and pulley with the main power shaft, which, in turn, was connected by a belt with the shaft on the floor below where the power was turned on. There was also a lever on this machine which, when properly adjusted, would throw off the belt from the drying machine, so that when the power was turned on, and while the main shaft was revolving, the drying machine would not revolve. The evidence also showed that the plaintiff had been employed by the defendant for five weeks and, during this time, had worked on the second floor of the laundry building. The witnesses for the defendant testified that the power was always turned on down-stairs at five minutes before one o'clock in the afternoon, by Mr. Foss, the manager, and that on the day of the accident the power was started as usual at the same hour. The plaintiff testified that a Mrs. Mahern and another employee came into the room where the

dryer was located, about twenty minutes of one, that they talked a few moments before taking the clothes out of the dryer, and while thus taking out the clothes she received the injury of which she complains. There was evidence tending to show that this same Mrs. Mahern, a fellow employee of the plaintiff, had charge of the drying machine and that, when work was suspended at noon, on the day of the accident, Mrs. Mahern neglected to throw off the belt from the drying machine, by the use of the lever, so that when the power was turned on, at the close of the noon hour, the drying machine started simultaneously with the starting of the main shaft. There was evidence tending to show that if Mrs. Mahern had disconnected the belt from the dryer, by use of the lever, when work stopped at twelve o'clock, then the dryer would not have started simultaneously with the turning on of the power and this accident would not have occurred. It also appeared that the drying machine, upon which the plaintiff received her injury consisted of a circular galvanized iron container which opened by lifting a cover allowing it to stand upon its hinges, and while the plaintiff was taking the clothing out of the dryer it started to revolve, when the power was turned on, causing the cover to fall and hit the plaintiff's hand. It appeared that Mr. Foss had no knowledge that the plaintiff was at work at the dryer when he turned on the power, nor any knowledge that Mrs. Mahern had allowed the belt to remain on the dryer during the noon hour, but that he turned on the power, down-stairs, as he had always done. It also appeared that it was the daily custom to suspend work at twelve o'clock, noon, and resume at one o'clock. It was admitted that the defendant was not an assenting employer under the employers' liability act, and that it employed more than five persons in the same business. Therefore, the defendant could not avail itself of the defenses (a) that the employee was negligent; (b) that the injury was caused by the negligence of a fellow servant; (c) that the employee had assumed the risk of the injury.

At the trial the defendant duly and seasonably requested the following instruction, which request was refused, and the ruling of refusal is made the subject of

EXCEPTION I.

"If you find that the accident was caused by the failure of defendant company to throw off the belt from the dryer before putting on

the power, and not by the sudden turning on of the power, then your verdict should be for the defendant."

In the course of his charge the presiding Justice gave the jury the following instruction which is made the subject of

EXCEPTION II.

"By reason of the manner in which the declaration is drawn, and by reason of the general allegation of lack of care, and negligence on the part of the defendant company which has not been objected to or taken advantage of by the defendant, I must instruct you that the plaintiff could recover if she proved any acts of negligence of any kind on the part of the defendant company. So that, if there were other acts of negligence of which the defendant was guilty, of which you find he was guilty under the instructions of the court, other than the turning on of the power unexpectedly, which is the specific thing set forth here, although it is not alleged in the declaration except as the last clause of the declaration may be held to so allege it, if you find any other acts than that, still I must instruct you that the plaintiff might recover. Now that would only apply, gentlemen, to the question of whether or not the leaving on of the power, the lever or whatever it was, by Mrs. Mahern, when she left at dinner time, was also an act of negligence, although it is not specifically set forth in the declaration. Those are the only two things that are claimed here on either side, gentlemen, which might be considered acts of negligence, and I must instruct you if you find under the instructions of the Court that the defendant was negligent in either of these particulars, why, then she might recover, although the second one is not specifically mentioned in the declaration."

In the argument of the defendant's counsel he states "The instruction of the court as to the effect of the declaration practically disposes of the question of variance which is involved in the defendants requested instruction." (Exception I.) "Upon the correctness of this instruction" (Exception II) "rests the determination of whether the defendant's request" (Exception I) "should or should not have been given. A decision on the former proposition is conclusive as to the latter. We will therefore only discuss the instructions of the court as given."

It follows that there exists necessity only for us to discuss Exception II. To that end it first becomes proper to quote such parts of

the declaration as give rise to discussion. The plaintiff, in her allegation of negligence on the part of the defendant, first says "that while she was engaged in the discharge of her duties, in the exercise of due care and in a prudent and proper way, suddenly the defendant corporation started the machine without her knowledge, and thereby caused the covering of the rolls aforesaid to fall suddenly with great force and violence upon her right hand in the vicinity of the knuckles, and that her hand was held there, jammed, and bruised as aforesaid, until the machine could be stopped and her hand released." After stating the extent of her injuries, her expenses thereby incurred, and her loss of capacity to labor, she further declares, "that this injury happened to her solely through the want of care and negligence of the defendant corporation, and through no want of care or negligence on her part."

The defendant claims that by the instruction of the court it is established that two separate and distinct acts of negligence were involved in the case; first, the sudden turning on of the power, without warning; second, the failure to disconnect the machine from the power. It says that the first was specifically alleged in the declaration while the second was not; that the court further gave the jury to understand that there would have been a variance, and that defendant's requested instruction (Exception I) would have been proper if it were not for the fact that the declaration contained a general averment of negligence at the conclusion thereof. This practically narrows the question for discussion to this form, what effect has this general averment upon the admission of evidence of negligent acts, or perhaps it would be better to say, the evidence of negligent acts, having been admitted without objection, which is the case here so far as the record discloses, will a verdict based upon such averment and evidence be allowed to stand.

The duty of the defendant was to use such reasonable care in conducting its business as not to injure others. A breach of that duty without justification or sufficient excuse, not necessarily the particular manner of the breach, gives to an injured party the cause of action. *McKinnon* v. *B. R. & E. Company,* 117 Maine, 29. If requested at the time of trial, an amendment to the declaration would have been allowable alleging negligence of the defendant in not properly disconnecting the belt which communicated power from the shaft to the dryer. The case having been tried as if the

amendment had been made, evidence being admitted, without objection so far as the record discloses, as to negligence in not disconnecting the belt, we think an amendment may be considered as made. *Clapp* v. *C. C. P. & .L. Company*, 121 Maine, 356; *Wyman* v. *American Shoe Finding Company*, 106 Maine, 263.

The defendant relies upon *Ferguson* v. *National Shoemakers*, 108 Maine, 189, and *Chickering Admr.* v. *Lincoln County Power Company*, 118 Maine, 414, but these are cases where the declaration was challenged by demurrer, they do not apply to a case fully tried upon a plea of general issue and upon questions of fact which might be raised under an allowed or allowable amendment to the declaration. Hence, they are not conclusive authority as to the legal contentions raised by the bill of exceptions in the case at bar.

*Exceptions overruled.*