THE UNITED COMPANY AND FAY & SCOTT

*vs.*

GRINNELL CANNING COMPANY.

Kennebec.      Opinion, January 14, 1936.

*The United Company*, Per Se.
*Goodspeed & Fitzpatrick*, for Fay & Scott et al.
*Andrews, Nelson & Gardiner*, for defendant.

SITTING : DUNN, C. J., STURGIS, BARNES, THAXTER, MANSER, JJ.

THAXTER, J. This is a suit for damages for the breach of a contract under the terms of which the plaintiffs agreed to sell and the defendant to buy six corn husking machines. The case was referred with a reservation of a right to except in matters of law. The defendant filed written objections to the acceptance of the Referee's report and on its confirmation by the presiding Justice excepted. The second count of the declaration sets forth the breach of another agreement, but with respect to this no objections were noted to the Referee's decision.

The facts, which have been reported by the Referee with great care, show a very involved course of dealing between the parties. Because of its peculiar complexity the cause was most properly referred; and the parties in thus selecting their own tribunal were of course aware of the oft repeated admonition of this Court that questions of fact once decided by a Referee are finally determined, if the finding is supported by any evidence. *Staples* v. *Littlefield*, 132 Me., 91, 167 A., 171.

From the Referee's report the following facts appear. Under the terms of a written order of the defendant dated April 16, 1929, which was duly accepted by the plaintiffs on May 13, 1929, the defendant agreed to purchase of the plaintiffs six corn husking machines at a price of $4560. This order was subject to cancellation on or before April 23, 1929, and it is admitted that this time was extended by oral agreement to April 30th. The defendant claimed that there was a further extension of this time and a subsequent revocation, but the Referee found otherwise and counsel concede in their brief that such ruling is final. The defendant in two letters dated respectively June 1 and June 6 notified the plaintiffs that it cancelled the order. The plaintiffs nevertheless shipped the ma-

chines which the defendant refused to accept. The Referee ruled that such refusal was a breach of the contract.

In April, 1930, the plaintiffs brought suit against the defendant in the United States District Court for the Southern District of Iowa, Central Division. While this suit was pending, a second contract was entered into dated April 24, 1930, under the terms of which the plaintiffs agreed to sell and the defendant to buy three machines at a price of $2250, one-half of which was payable in cash and the balance on time. The cash was paid and a note given for the balance, and the suit which had been started in the United States Court was dismissed. This second contract contained the following provision: "Machines shall not be used during 1930 by any canner now owning Tuc huskers or who now has any contract with the United Company or who shall have such contract prior to June 15, 1930." The plaintiffs claim that there was an oral modification of this second contract to the following effect: "That the Grinnell Canning Company would not make any effort to sell these three machines until after June 15th." Also they contend that it was orally agreed that, in case there was any breach of the second contract, the cash payment of $1125 should be treated as liquidated damages.

The Referee found that this second contract was so modified and that there was a breach of it by reason of an attempt by the defendant to sell the machines on May 15, 1930. The defendant objects to the ruling as to the modification of the contract, but concedes that there was a breach, if it was in fact modified as claimed.

The plaintiffs retained the payment of $1125, and also brought this action to recover damages for the breach of the first contract. The defendant filed an account in set-off seeking to recover back the $1125 which it had paid under the second contract.

The Referee found that the plaintiffs had the right, in accordance with the agreement of the parties, to retain the sum of $1125 as liquidated damages for the breach of the second contract, that such contract then stood as though it had been performed, and that there was thereby an accord and satisfaction of the first contract.

The defendant is now in the anomalous position of supporting the correctness of the Referee's ruling that there can be no re-

covery on the first contract, and yet seeks to recover back the payment made on the second, the retention of which by the plaintiffs constituted the bar to recovery on the first contract.

But two of the contentions of the defendant need be considered, first that there is no evidence to support the Referee's finding that there was a parol modification of the second contract, and secondly that there was no consideration to support such modification, if it was in fact attempted. If these two questions are decided adversely to the defendant, as we feel they must be, other objections raised are immaterial.

Was there any evidence to support the Referee's finding that the second contract was modified as alleged?

Ralph Cover, the president of The United Company, testified that after the contract was signed it was agreed that the defendant would make no effort to sell these machines until after June 15th, that thereafter the plaintiffs would furnish a list of the names of those people to whom the defendant could not sell, and that for a violation of the contract by the defendant the money paid could be retained by the plaintiffs. Mr. Cover was corroborated by Mr. Mc-Robie. Mr. Kelley, the president and manager of the defendant, testified that no such conversation took place. Counsel for the defendant have argued as to the reasonableness of the testimony of Cover. Such argument was properly addressed to the Referee, not to this Court. We have here conflicting testimony. The Referee's decision with respect to it is final. *Staples* v. *Littlefield,* supra; *Jordan* v. *Hilbert,* 131 Me., 56, 158 A., 853.

Was there consideration to support the parol modification of the second contract?

Counsel cite the well-known rule that a promise to do what one is already bound to do under a contract can not constitute a valid consideration for a new promise by the other party. *Wescott* v. *Mitchell,* 95 Me., 377, 50 A., 21; 4-*One Box Machine Makers* v. *Wirebounds Patents Company,* 131 Me., 70, 159 A., 496. The rule has, however, no application to the present case. In return for the promise of the Grinnell Canning Company not to make any effort to sell these machines until after June 15th, the plaintiffs on their part agreed to supply to the defendant a list of those to whom the defendant should not sell, and also to accept as liquidated dam-

ages for the breach of the second contract the sum of $1125. The agreement to do either constituted a valid consideration for the new promise by the defendant.

*Exception overruled.*