THE HINCKS COAL COMPANY

*vs.*

CHARLES H. MILAN AND FRANK H. TOOLE.

Penobscot.     Opinion, July 23, 1937.

*William S. Cole*, for plaintiff.
*Artemus Weatherbee*,
*Michael Pilot*,
*E. Donald Finnegan*,
*James D. Maxwell*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J. In this action on the case for conspiracy, the defendants are jointly charged with defrauding the Hincks Coal Company, which is engaged in the coal and wood business in Bangor, Maine. At the return term, a default was entered against the defendant Frank H. Toole, but his co-defendant Charles H. Milan pleaded to the issue and joined in a stipulation for hearing by the Court with jury waived. The finding there was for the plaintiff Company but only for nominal damages. Exceptions to the inadequacy of that award were sustained in the Law Court.

At the next term of the Trial Court, the action against Charles H. Milan, by consent of counsel, was referred under Rule of Court with right of exceptions reserved, and thereafter having been tried anew on all issues raised by the pleadings, the Referee found that the defendant Milan was guilty of the conspiracy charged in the writ, assessed damages in the sum of $13,552.55 against him and reported accordingly. The Referee reserved the assessment of damages against the defendant Frank H. Toole for the Court. The defendant Milan filed written objections and now brings forward his exception to the acceptance of the report.

The evidence taken out before the Referee as also that of the former trial introduced as an exhibit and all made a part of the bill of exceptions tends to prove the allegations of the writ that during the period between the early months of 1920 and November, 1934, the defendant Frank H. Toole, employed by the plaintiff Hincks Coal Company and in charge of its coal deliveries, entered into a conspiracy with the defendant Charles H. Milan to defraud his employer, and pursuant thereto, at divers times, without the

knowledge or consent of the Coal Company, delivered large quantities of coal to his co-conspirator who, without paying or being charged therefor, received it and used it in heating buildings which he owned. The facts proved and the inferences to be drawn therefrom warrant the finding that this conspiracy began, continued and terminated substantially as alleged and the fraudulent deliveries of coal for which the defendant is charged were made pursuant to it. It was the opinion of this Court on the exceptions reserved in the former trial that the existence of the conspiracy alleged, the consequent overt acts and the defendant Milan's guilt were established beyond question. *Coal Company* v. *Milan and Toole*, 134 Me., 208, 183 A., 756. His guilt is as clearly proven on this record. In so far as the exception is based on the Referee's finding on this issue, it is without merit.

The defendant objects to the Referee's report on damages on the ground that the action was brought jointly against both defendants named in the writ and the assessment of damages was several and only against the defendant Charles H. Milan. We are not of opinion that the acceptance of the Referee's report should be set aside on this ground. It is well settled as a general rule that in the absence of a statute an assessment of damages against those sued jointly for a wrong should be for one sum and against all found guilty. *Currier* v. *Swan*, 63 Me., 323; *Kennebec Purchase* v. *Boulton*, 4 Mass., 419; 17 Corpus Juris, 1084. See Note, 30 A. L. R., 790 *et seq*. But joint tort feasors are each liable for the entire damage resulting from the wrong done and neither is entitled to contribution from the other, and it is held that a several assessment of damages in an action against joint wrongdoers is at most an irregularity which may be cured by the judgment taken and entered. *Holley* v. *Mix*, 3 Wend. (N. Y.), 351; *Brooks v. Davis* (Mass. 1936), 1, 2nd N. E. Rep., 17; 1 Saunders Report, 207 Note 2. See also *Halsey* v. *Woodruff*, 9 Pick. (Mass.), 555. There is also authority for the view that, even if a several judgment is rendered on the verdict in a joint tort action, it is not ground for reversal even as to the defendant against whom it is entered. *Davis* v. *Taylor*, 41 Ill., 405, 408; *Loomis* v. *Besse*, 148 Wis., 647, 652, 135 N. W., 123; 33 Corpus Juris, 1128.

The remaining objections are to the quantum and value of the

evidence upon which the assessment of damages is based. The only question open under this objection is whether there was any evidence of probative value to support the assessment. In cases referred under Rule of Court under Rule XLII of the Superior and Supreme Courts, questions of fact once settled by Referees, if their findings are supported by any evidence of probative value, are finally decided and exceptions do not lie. They and they alone are the sole judges of the credibility of witnesses and the weight to be given their testimony, and their decision upon conflicting testimony is final. This Court on review is not called upon to determine on which side the evidence preponderates or what testimony is most entitled to credence. *United Co.* v. *Canning Co.*, 134 Me., 118, 182 A., 415; *Staples* v. *Littlefield*, 132 Me., 91, 167 A., 171; *Jordan* v. *Hilbert*, 131 Me., 56, 158 A., 853.

The Coal Company called six men as witnesses who testified that they delivered coal from its yards to the defendant Charles H. Milan during the period from 1920 to and including 1934. Unaided by records and speaking from memory, they stated the approximate quantity of coal delivered and fixed the times by reference to the happening of certain events. The report of the Referee shows that this evidence was carefully weighed and considered in the light of testimony given at the former trial of this case and such inconsistencies as there arose were not overlooked. The defendant Milan did not appear at the trial and deny the receipt of the coal which the evidence showed was delivered to his several buildings. The testimony of the witnesses presented in his defense was not disregarded, but deemed of insufficient weight to overcome the evidence produced on the other side. The prevailing prices for coal during the period covered by the conspiracy appear in schedules filed in the case and were accepted by counsel as correct, and it appearing that the defendant Milan bought and paid for some coal during the years in which he and his co-conspirator were defrauding the Coal Company, the amount thereof was properly deducted from the gross delivery proved. Possible duplication in reported deliveries was also scrupulously avoided. As the extended report filed by the Referee shows, from a study and analysis of all the evidence the amount of coal fraudulently taken was carefully estimated, its value computed and damages assessed accordingly.

It is an accepted rule of law that a party who claims compensation for a wrong suffered must establish the amount of his damages with reasonable certainty. But absolute certainty is not required. Damages are not uncertain for the reason that the amount of the loss sustained is incapable of exact proof by mathematical demonstration. Juries are allowed to act upon probable and inferential as well as direct and positive proof. Any and all facts and circumstances having a tendency to show the probable amount of damages suffered are properly received and the triers of fact allowed to make the most intelligible and probable estimate which the nature of the case will permit. 1 Sedgwick on Damages (8th Ed.), Sec. 170; *Satchwell* v. *Williams*, 40 Conn., 371; *Allison* v. *Chandler*, 11 Mich., 542, 555. It is not a sufficient reason for disallowing damages claimed that a party can state the amount only approximately. It is enough if from the approximate estimates of witnesses a specific conclusion can be reached. *Richner* v. *Plateau L. S. Co.*, 44 Col., 302, 306, 98 P., 178; *Satchwell* v. *Williams*, supra; 17 C. J., 761. An assessment of damages under this rule was recently approved in *Summit Thread Co.* v. *Corthell*, 132 Me., 336, 341, 171 A., 254.

The Referee cited and followed these rules in assessing damages. We are of opinion that the evidence before him was of probative value and sufficiently certain to warrant the assessment. His finding on that issue of fact is final.

*Exceptions overruled.*