RUTH A. SYMONDS *vs.* FREE STREET CORPORATION.

Cumberland.      Opinion, July 14, 1938.

*Berman & Berman* (Portland, Maine), for plaintiff.
*Robinson & Richardson,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.   After a verdict for the plaintiff this case is before us on an exception to the refusal of the presiding Justice to direct a verdict for the defendant and on a motion by the defendant for a new trial. As the motion raises the same question for our consideration as does the exception, the exception is regarded as waived.

The plaintiff, who was a tenant in an office building owned and operated by the defendant in Portland, was injured by the sudden starting of the elevator while she was in the act of alighting at the

first floor. The elevator was in the control of an employee of the defendant by the name of Shea, of the age of nineteen, whose competency for the particular work is not questioned. When the accident happened and for a time prior thereto, there was in the elevator a boy of the age of approximately twelve years, who had been waiting to take a music lesson in one of the offices in the building. He had been riding in the elevator and Shea had been showing him how to run it. In fact Shea had allowed him to operate it. The elevator was four feet ten inches one way, and four feet two inches the other. The operating lever was about three feet and a half from the outside edge of the door. The power remained on only as this lever was held to one side or the other of the vertical position. Receiving a signal, Shea ran the elevator with the young boy in it to the third floor where the plaintiff got on. On arriving at the first floor he took his hand off the control lever and opened the door for the plaintiff to alight. As she was in the act of stepping out, the other boy grasped the lever and threw on the power. As the elevator started, the plaintiff was thrown heavily to the floor of the building and received the injuries for which she now seeks compensation.

The essential facts are not in dispute. The defendant claims that as a matter of law the operator of the elevator was not negligent, because the accident was due to the intervening act of a third person for which the defendant was in no way responsible.

The circumstances under which a defendant will be held liable in spite of or because of the intervening act of a third person were recently considered by this Court. *Hatch* v. *Globe Laundry Co.*, 132 Me., 379, 171 A., 387. The rule laid down in that case as applied to the case now before us would seem to be that this defendant would be liable if the operator of its elevator foresaw, or ought to have foreseen, that the young boy might do what he did in this instance, and if, by the exercise of reasonable care, such wrongful act could have been prevented. The determination of this question was one of fact for the jury. It is not necessary to discuss again the long line of authorities bearing on this subject. Such differences as seem to arise are not so much with the rule as with its application.

Counsel for the plaintiff call attention to the case of *Jones* v. *The Co-Operative Association of America*, 109 Me., 448, 84 A., 985, which seems decidedly in point. The facts of the case are al-

most identical with those before us except that the boy operating the elevator was fourteen years and five months old, seven months below the age required by the statute for a boy so employed. The negligence charged was the employing of an inexperienced boy of immature years. Counsel for the defendant claim that this fact distinguishes that case from this. We can not see why. The court said, pages 451–452: "A boy of more mature years and judgment might have anticipated that it would be necessary to guard the lever of the elevator with vigilance in order to prevent the mischief which might be caused by an intermeddling playmate who had shown an eager desire to obtain control of the lever and operate the elevator himself." If the defendant in control of the building was in that case responsible for the failure to employ an operator for its elevator of sufficient maturity to anticipate the intermeddling by the other boy, does it not inevitably follow that it would have been responsible on the doctrine of *respondeat superior* for the negligence of a mature boy in failing to anticipate what he should have foreseen?

A case which shows the same general trend on the part of this Court is *Clapp* v. *Cumberland County Power & Light Co.*, 121 Me., 356, 117 A., 307, which holds that it was a question of fact for a jury whether the defendant in operating a street car was responsible for the failure to protect a passenger in alighting against the consequences of another passenger's wrongful act in giving the signal to the motorman to start the car.

The evidence in the present case indicates that the operator of the elevator took no precautions as he relinquished control of the lever to guard it, nor did he give any warning to the young boy who was with him as to the danger of interference with it. Whether he should have anticipated such intermeddling and was negligent in not taking precautions against it were questions of fact for the jury.

> *Exception overruled.*
> *Motion overruled.*