Roger DOANE

v.

PINE STATE VOLKSWAGEN, INC.

Supreme Judicial Court of Maine.

Sept. 13, 1977.

Zendzian & Anderson by Peter Avery Anderson, Bangor, for plaintiff.

Rudman, Rudman & Carter, Richard J. Relyea, Paul L. Rudman, Bangor, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

POMEROY, Justice.

A Penobscot County Superior Court jury reached a verdict for the plaintiff in this breach of contract action. A judgment for the plaintiff was entered. The defendant seasonably appealed to the Law Court.

We deny the appeal.

The appellee was employed by the appellant as a car salesman from May 1972 until February 1974. In early 1973 the appellee and the appellant, through its general manager Mr. Doyle, entered into an oral agreement for the construction of a drag racing car. The terms of the agreement, according to the appellee, were as follows. The appellant would purchase all needed parts for construction of the car. The appellee would do all of the assembly work and would drive the car upon completion. The appellant would use the car to advertise its business and would receive all winnings from racing the car until its cost had been recovered. The appellee would receive all winnings after the appellant's cost had been recovered, and title to the car would be conveyed to the appellee on January 1, 1974.

During 1973 it became apparent that the car would cost about twice the original estimate and there would be a delay in completing the car. After being informed of this Mr. Doyle told the appellee to continue with the project. Sometime in the fall of 1973, the appellant refused to give the appellee any more money to purchase parts. For the remainder of 1973 and until he was discharged in February 1974, the appellee tried to persuade the appellant to purchase the needed parts. The appellant answered by telling the appellee that he could have the car but only after reimbursing the appellant for its costs. The appellee then brought this action for breach of contract to recover the fair market value of the drag racing car, if it had been complete. Judgment was entered for the appellee in the amount of $12,000.00.[1]

In his complaint the appellee alleged that the appellant breached the oral contract *"by attempting to hold Plaintiff* [appellee] *liable for the materials used to construct said car and by threatening to sell said car."* The appellant in its answer moved to dismiss the complaint for failure to state a claim upon which relief can be granted. M.R.Civ.P., Rule 12(b)(6). The motion was

---

1. In addition to the judgment for the appellee in the amount of $12,000.00, a judgment was entered for the appellant on its counterclaim for a balance due on appellee's employee charge account in the amount of $886.68. Therefore, the total judgment recovered by the appellee was $11,113.32.

denied in the pretrial order. The appellant contends that the presiding justice erred in denying its motion because the complaint fails to apprise it of the manner in which it allegedly breached the contract.

> "*It is not necessary to state all the facts necessary to constitute a good cause of action. The United States Supreme Court has gone so far as to say that the motion should not be granted* 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). . . What is intended, as demonstrated by the cases cited, is that if fair notice of the claim is given, the complaint is not fatally defective because of the failure to allege in nonconclusory form every fact essential to recovery.*" Field, McKusick, Wroth, *Maine Civil Practice*, § 12.11.

■ We conclude that the appellee's complaint gave the appellant "*fair notice of the claim.*" We come to this conclusion for two reasons. First, the appellant's attempt to hold the appellee liable for the costs of construction was a breach of the contract as described in the appellee's testimony. Since the appellant promised to pay for the cost of all needed parts, its attempt to hold the appellee liable was a breach. Second, even if the attempt to hold the appellee liable

was not itself a breach, the complaint should survive a Rule 12(b)(6) motion because the complaint puts the appellant on notice that its conduct with regard to payment of the cost of construction was considered a breach. Although the actual breach may have been the refusal to provide further funds rather than "*attempting to hold Plaintiff liable*", we conclude that the complaint was specific enough to provide "*fair notice*" to the appellant.[2] Therefore, the denial of appellant's motion to dismiss was not error.

■ During the trial, the appellant moved for a directed verdict on the ground of failure of consideration. *See* M.R.Civ.P., Rule 50(a). Following the entry of judgment, the appellant moved for a judgment notwithstanding the verdict on the same ground.[3] *See* M.R.Civ.P., Rule 50(b). Both motions were denied. The appellant contends that the presiding justice erred in denying its motions because the agreement called for completion of the car in time to race the car during 1973, which the appellant claims was impossible at the time it refused to continue funding the car.

■ When reviewing the denial of a motion for a directed verdict or a judgment notwithstanding the verdict, this court must view the evidence in a light most favorable to the nonmoving party. *Boetsch v. Rockland Jaycees*, Me., 288 A.2d 102

---

2. Even if the complaint did not give fair notice of the appellee's claim, we would have to deny the appeal on this issue. M.R.Civ.P., Rule 15(b) states that "*[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.*" The issue of whether the withholding of further funds constituted a breach was tried with the implied consent of the appellant since it did not object to that testimony. *Hoskins v. Bangor & Aroostook R.R. Co.*, 135 Me. 285, 195 A. 363 (1937); *Burner v. Jordan Family Laundry*, 122 Me. 47, 118 A. 722 (1922). Therefore, the actual breach must be considered as having been properly pleaded.

The appellant further contends that the denial of its motion to dismiss prevented it from objecting to evidence relevant to the unpleaded breach. We do not agree. The denial of appellant's motion to dismiss was only concerned with whether, on its face, the complaint stated

a claim for relief. If, as the appellant contends, evidence unrelated to the alleged breach was presented, the appellant would have been within its rights to object. However, if the appellant had objected, the court could have allowed the appellee to amend his complaint under M.R.Civ.P., Rule 15(b), in the circumstances of this case. *See* Field, McKusick, Wroth, *Maine Civil Practice*, § 15.5.

3. Appellant's motions for a directed verdict and judgment notwithstanding the verdict were also made on the grounds that enforcement of the oral contract is barred by the Statute of Frauds. 11 M.R.S.A. § 2–201. Although the appellant in its statement of points on appeal alleged error by the presiding justice in denying its motions, the appellant did not specifically state the Statute of Frauds as an issue on appeal. Therefore, we conclude that this issue was waived by the appellant. M.R.Civ.P., Rule 74(d).

(1972); *Manchester v. Dugan*, Me., 247 A.2d 827 (1968). We must accept the appellee's version of the contract terms, as the jury apparently did.

■ In exchange for planning and building the car, the appellee was to receive money from the appellant to purchase the parts needed for the car. The appellee kept his part of the bargain. The appellant breached the contract first when it refused to provide more money or parts to the appellee. There was no failure of consideration prior to the appellant's breach because, according to the appellee, the parties had not set a time limit for completion of the car.

■ Finally, the appellant contends that the presiding justice erred in denying its motion for a new trial on the grounds that the damages were excessive and without evidentiary support. When reviewing the denial of a motion for a new trial we must again view the evidence in a light most favorable to the nonmoving party. *Compare Symonds v. Free Street Corp.*, 135 Me. 501, 200 A. 801 (1938) *with Boetsch v. Rockland Jaycees, supra.*

■ The appellee, who had a limited amount of experience in the construction of drag racing cars, testified that the value of the car, if finished, would be at least $12,000.00. Another witness, whose status as an expert had not been challenged, testified that the value of the car, when finished, would be between $8,000.00 and $15,000.00. The appellant contends that this evidence does not support the verdict because it is vague. However, the amount of damages may be established by approximation as long as the jury can reach a specific conclu-

sion. *Hincks Coal Co. v. Milan*, 135 Me. 203, 193 A. 243 (1937). Dealing with a similar issue, the Supreme Court of Pennsylvania in *Williams v. City of Philadelphia*, 208 Pa. 282, 57 A. 578 (1904), stated that *"all that can be reasonably required of a plaintiff is to produce to the jury sufficient evidence, of the best character attainable . . .."* 208 Pa. at 291, 57 A. at 580.

■ The fair market value of something cannot always be authoritatively established with a specific value. A drag racing car's value depends primarily on the car's speed and acceleration. A small variance in potential acceleration may greatly affect the car's value. Thus, the fair market value of a racing car upon completion may only be estimated within a relatively wide range. The value of such a car certainly may vary between $8,000.00 and $15,000.00, depending upon many factors. We conclude, therefore, that the expert's approximation of the car's value was specific enough under the circumstances to support the jury verdict. The expert's testimony, together with the appellee's own testimony, provides sufficient evidence to support the jury verdict.

The entry must be:

Appeal denied.

All Justices concurring.